■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES R. MOBLEY, Appellant. [614 NYS2d 795] —Crew III, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered December 2, 1992, convicting defendant upon his plea of guilty of the crimes of robbery in the first degree (eight counts) and attempted robbery in the first degree.

On March 14, 1991, defendant was arrested in connection with a series of armed robberies. On July 2, 1991, defendant was indicted and charged with nine counts of robbery in the first degree and one count of attempted robbery in the first degree. Defendant was arraigned on the indictment on July 5, 1991. On November 4, 1992, defendant entered a plea of guilty to eight counts of robbery in the first degree and one count of attempted robbery in the first degree in satisfaction of the indictment, for which he was sentenced on each count, as a second felony offender, to an indeterminate term of imprisonment of 7½ to 15 years, such sentences to run concurrently. As a part of the plea agreement, defendant purported to waive his right to appeal.

Prior to entry of his plea, defendant moved for dismissal of the indictment on the grounds that his statutory and constitutional rights to a speedy trial had been violated, which motion was denied. On this appeal, defendant claims that the waiver of his right to appeal is unenforceable. Insofar as the bargained-for waiver purports to preclude defendant from obtaining appellate review of his constitutional speedy trial claim, we agree with defendant's contention *(see, People v Callahan,* 80 NY2d 273, 280). However, defendant's statutory speedy trial claim was forfeited upon the entry of his guilty plea *(see, People v O'Brien,* 56 NY2d 1009, 1010).

Defendant claims that the 19-month delay from his arrest until his plea deprived him of his constitutional right to a speedy trial and, thus, his conviction should be reversed and the indictment dismissed. The Court of Appeals has enunci-

ated five factors for evaluating a defendant's constitutional speedy trial claim: "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether * * * there has been an extended period of pretrial incarceration; and (5) whether * * * the defense has been impaired by reason of the delay" (People v Taranovich, 37 NY2d 442, 445). The Court of Appeals made clear, however, that the factual inquiry involved must be done on an ad hoc basis and "no rigid precepts may be formulated which apply to each and every instance" (supra, at 445).

In the case at bar, County Court found and the record substantiates that the 19-month delay was not the result of prosecutorial inaction, but was based upon the inability to provide sufficient judicial resources, a factor which tends to "weigh less heavily" on the State when a court evaluates speedy trial claims (see, People v Johnson, 38 NY2d 271, 279). Furthermore, the record is clear that a period of six months was attributable to a hearing on a suppression motion and the interim time taken for the suppression court to render a decision. While the case was trial ready following that decision, the record reveals that counsel for defendant was on trial in a protracted homicide case.

Additionally, the record reveals that fully eight months of defendant's incarceration was not attributable to the case at bar but was the result of the revocation of defendant's parole for prior convictions of attempted robbery in the first degree, for which he was sentenced to an indeterminate term of imprisonment of 2⅓ to 7 years. Furthermore, there is no indication that acuity of memory was dulled by the pretrial delay inasmuch as defendant had given two written statements of the incidents at issue, as well as having testified before the Grand Jury (see, People v Watts, 57 NY2d 299, 303). Finally, while it is not incumbent upon a defendant to demonstrate prejudice by delay in the commencement of the trial (see, People v Blakley, 34 NY2d 311, 317), prejudice is a factor to be considered, and there is no indication in this case that the defense has been impaired by reason of the delay (see, People v Taranovich, supra, at 446).

Balancing all of the factors enunciated in Taranovich, we find that defendant was not deprived of his constitutional right to a speedy trial. Accordingly, the judgment of conviction is affirmed.

Cardona, P. J., Mikoll, White and Casey, JJ., concur. Ordered that the judgment is affirmed.