■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE S. CRANDALL, Appellant. [644 NYS2d 817] —Crew III, J. P.

In the early morning hours of June 13, 1992, defendant was arrested in the Town of Glen, Montgomery County, for driving while intoxicated. Defendant was taken into custody, given a

breathalyzer test and issued a uniform traffic ticket. Thereafter, he was indicted and charged with two counts of driving while intoxicated as a felony and one count of failure to keep right. Defendant was convicted of all three counts of the indictment following a jury trial and was sentenced accordingly. Defendant appeals from both the judgment of conviction and, by permission, from County Court's denial, without a hearing, of his motion to vacate the judgment of conviction.

Initially, defendant argues that County Court erred in admitting into evidence documents relating to ampoule analysis and simulator solution analysis because they were not furnished to him until the day of trial despite his CPL 240.20 (1) (c) demand. We disagree. It is abundantly clear that where materials of the type we are dealing with here are not produced until the day of trial, it is reversible error for the trial court to admit such into evidence without granting a continuance in order to permit defendant's examination thereof (see, People v Corley, 124 AD2d 390, 391). Here, County Court offered to grant defendant an immediate continuance of unspecified length for that purpose and to consult with an expert if he were so inclined. County Court also offered defendant the opportunity of a hearing to contest the admissibility of the documents or, if none of those options were acceptable, the option of moving for a mistrial. The record reveals that, after reviewing the documents in question, defendant elected to proceed with the trial instead of invoking any of the options proffered by County Court and, having elected to do so, defendant cannot now be heard to complain.

Next, defendant argues that the police failed to assist him with advice or communication means with which he could arrange for an independent chemical test, which failure constitutes reversible error. Again, we disagree. While it is clear that a defendant is entitled to his or her own additional chemical test (see, Vehicle and Traffic Law § 1194 [4] [b]), it is equally clear that the police are not required to arrange such a test or transport a defendant to a place where such a test may be performed. All that is required is that the police assist defendant by affording him or her a telephone call in order to arrange for such a test (see, People v Finnegan, 85 NY2d 53, 58, cert denied — US —, 116 S Ct 311). Whether the police are obligated to advise a defendant of his or her right to an independent test was not determined in People v Finnegan (supra, at 57) and is of no moment here because the record makes plain that defendant was aware of this right in that he specifically requested such a test. The record also reveals that defendant

was afforded a phone call to an attorney and when no one answered, he hung up. Apparently, defendant never requested to make another call. Accordingly, we find that the police complied with the dictates of Vehicle and Traffic Law § 1194.

Defendant next contends that County Court lacked jurisdiction to entertain the instant action due to the failure of the State Police to fingerprint him in accordance with CPL 160.10. We disagree. Initially, we note that defendant refused to allow the police to fingerprint him following his arrest and he should not now be heard to complain about such failure. Additionally, nothing contained in CPL 160.10 suggests that compliance therewith is a predicate to personal or subject matter jurisdiction of County Court. We have considered defendant's remaining arguments contained in his *pro se* brief and find them to be equally without merit.

White, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment and order are affirmed.