■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEBORAH M. EDWARDS, Also Known as DEBORAH M. PRICE, Ap-

pellant. [717 NYS2d 749] —Crew III, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered January 15, 1999, upon a verdict convicting defendant of the crime of arson in the third degree.

Defendant was indicted and charged with one count of arson in the third degree arising out of a fire in a double-wide trailer owned by her in the Town of Windsor, Broome County. Following a jury trial, defendant was found guilty as charged and sentenced to an indeterminate term of imprisonment of 1 to 3 years. Defendant appealed her judgment of conviction contending, *inter alia*, that the two-year delay between her alleged commission of the crime and her indictment therefor was unreasonable and violated her due process rights. This Court withheld decision and remitted the matter to County Court for assignment of counsel and a hearing to determine whether the preindictment delay was unreasonable and a violation of defendant's due process rights (271 AD2d 812). Following a hearing, County Court determined that the preindictment delay indeed was unreasonable and constituted a violation of defendant's due process rights.

Our review of the hearing transcript satisfies us that County Court properly concluded that there existed ample evidence to indict and prosecute defendant within days of the fire. The Assistant District Attorney's suspicion/hunch that defendant's boyfriend may have been involved might have justified some delay in the prosecution of defendant but, as County Court concluded, no reasonable explanation has been presented as to why it took two years to determine whether he was involved or whether there was sufficient evidence to demonstrate his complicity. Absent a showing of good cause for such a protracted delay, defendant is entitled to dismissal even without a showing of prejudice (*see, e.g., People v Lesiuk*, 81 NY2d 485, 490; *People v Singer*, 44 NY2d 241, 253-254).

Mercure, J. P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is reversed, on the law, and indictment dismissed.