■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHELLE J. MAGAR, Appellant. [777 NYS2d 786]—

Mugglin, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered January 17, 2002, convicting defendant following a nonjury trial of the crime of burglary in the third degree.

On May 19, 2001, defendant, in the company of at least three other persons, broke into the apartment of Corey Simpson and assaulted him. Because the detective who investigated the case did not realize it was assigned to him, defendant was not

indicted until April 4, 2002, a delay of 10 months and 16 days. In the interim, defendant, who was on parole for two prior unrelated convictions, was arrested pursuant to a parole violation warrant issued because of her involvement in the crimes at the Simpson apartment. She remained incarcerated from July 21, 2001 to October 6, 2001 when she was admitted to a drug treatment program. In January 2002, defendant was released from the drug treatment program and entered a residential treatment facility. Subsequently, defendant was indicted for burglary in the second degree and gang assault in the second degree and moved to dismiss the indictment on speedy trial grounds. Following denial of the motion, defendant waived her right to a jury trial and was convicted of burglary in the third degree after a nonjury trial on stipulated facts. Defendant was given the agreed upon sentence of 2 to 4 years, to run consecutive to her prior undischarged sentence. Defendant appeals, asserting that the indictment should be dismissed because her right to a speedy trial was violated and, if not dismissed, her sentence should be reduced or made to run concurrently with the remainder of her undischarged sentence. We disagree with both arguments and affirm.

Both constitutional due process and statutory speedy trial issues are determined by applying the standard set forth in *People v Taranovich* (37 NY2d 442, 445 [1975]; *see People v Coggins*, 308 AD2d 635, 635 [2003]). They are "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" (*People v Taranovich, supra* at 445). Here, while the delay is plainly chargeable to the People (*see People v Edwards*, 278 AD2d 659, 660 [2000]), similar delays have been held to be within constitutional limits (*see e.g. People v Coggins, supra* at 635-636; *People v Irvis*, 301 AD2d 782, 784 [2003], *lv denied* 99 NY2d 655 [2003]; *People v Allah*, 264 AD2d 902, 902-903 [1999]). Gang assault, a violent felony, is a serious charge, typically allowing a longer delay in prosecution (*see* Penal Law § 120.06; *People v Lake*, 2 AD3d 892, 893 [2003]). Defendant was not subjected to extensive pretrial incarceration as she was independently incarcerated for the parole violation and was thereafter released to parole supervision (*see People v Mobley*, 206 AD2d 681, 682 [1994], *lv denied* 84 NY2d 870 [1994]). Moreover, where, as here, the delay is neither unreasonable nor protracted, defendant must show prejudice caused by the delay (*see People v Hernandez*, 306 AD2d 751, 752 [2003]), not merely speculate that the result might have been different if she had been arrested, indicted and arraigned at an earlier date.

Lastly, there is no merit to defendant's claim that her sentence was harsh and excessive. She received the minimum sentence allowable for a second felony offender in these circumstances (*see* Penal Law § 70.06; *People v Gibson*, 2 AD3d 969, 973 [2003]; *People v Milot*, 305 AD2d 729, 732-733 [2003], *lv denied* 100 NY2d 585 [2003]), and her request that the sentence run concurrently with her undischarged prior sentence is prohibited (*see* Penal Law § 70.25 [2-a]; *People v Stokes*, 290 AD2d 71, 73 [2002], *lv denied* 97 NY2d 762 [2002], *cert denied* 537 US 859 [2002]).

Spain, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.