Matter of Christine B. (2004 NY Slip Op 51570(U))

[*1]

Matter of Christine B.

2004 NY Slip Op 51570(U)

Decided on December 10, 2004

Family Court, Queens County

Hunt, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 10, 2004

Family Court, Queens County
In the Matter of CHRISTINE B., A Person Alleged to be a Juvenile Delinquent, Respondent.
D-16688/04

John M. Hunt, J.
Respondent has moved for dismissal of several counts of the petition upon the ground
that her constitutional right to a speedy fact-finding hearing has been violated.[FN1]
By petition filed on October 8, 2004 respondent is alleged to have committed acts
which, were she an adult, would constitute the crimes of Assault in the Second and Third
Degrees, Menacing in the Second Degree, Menacing in the Third Degree (5 counts), Unlawful
Imprisonment in the Second Degree, and Harassment in the First Degree. The charges in the
petition are based upon acts which are alleged to have occurred between July 7, 2003 and
approximately September 29, 2004.
By motion filed on November 8, 2004, respondent moved, inter alia, for an order
dismissing this and a subsequently filed juvenile delinquency proceeding upon the ground that
her constitutional right to a speedy trial has been violated. By order dated November 23, 2004
this Court denied the motion to dismiss the later filed petition on speedy trial grounds, and
[*2]
directed that the Presentment Agency submit a further affidavit or affirmation setting forth\
the circumstances giving rise to the delay between the date of the alleged incidents and the
filing of the first petition against the respondent on October 8, 2004.
The petition filed on October 8, 2004 alleges that the respondent in concert with others, 
inter alia, assaulted and committed other crimes against the alleged victim, Amanda E., on"July
7, 2003" and "on several dates on or about and between July 7, 2003 and September 29, 2004"
and that as a result of these incidents Amanda E. sustained serious physical injury or physical
injuries. On September 29, 2004 respondent was arrested by police officers from the 100th
Precinct for the acts alleged in the October 8, 2004 petition, and officers from the same precinct
arrested respondent on October 7, 2004 for the act alleged in the November 3, 2004 petition.[FN2]
In support of the motion to dismiss the petition, respondent contends that Counts One
through Six of the petition violate her constitutional right to a speedy trial under the Court of
Appeals decision in Matter of Benjamin L. (92 NY2d 660, 667).[FN3] Those counts involve incidents
which are alleged to have occurred "on or about July 7, 2003" and "on several dates on or about
and between July 7, 2003 and September 29, 2004". The Presentment Agency opposes the
motion to dismiss and has submitted the requested affirmation setting forth the circumstances
involved in the investigation of the charges and the filing of the petition on October 8, 2004. The
affirmation of the Assistant Corporation Counsel states, in pertinent part, that:
[*3] The incident that occurred on July 7, 2003 was not reported on that same day
 because the [victim's] mother believed that the issue could be resolved in that
she knew the [r]espondent's mother. An incident that occurred on the following
day in which the [r]espondent and several other females yelled out disrespectful
statements from a window at the [victim], as well as the lack of cooperation by
the [r]espondent's mother caused the [victim] and her mother to report the
incident to the police on July 8, 2003. After the [victim] filed a complaint, the
[victim's] mother continued to try to resolve the matter with the [r]espondent's
mother, but due to lack of cooperation on behalf of the [r]espondent and her
mother, there was no resolution.
 From conversations with Detective Hoverington of the 100th Precinct and other
individuals in the detective squad, it was learned that the case was closed on
December 1, 2003 because "all leads were exhausted". From Detective
Hoverington's recollection, he had several conversations with the [victim] and
her mother who decided not to go forward with the case because no further
incidents had occurred and they were in fear that if a case was pursued, that it
would cause the [r]espondent to begin harassing the [victim] again.
 The [victim], however, does not recall informing the police department that
she did not want to go forward. The [victim] and her mother were upset when
they learned that the case was closed.
 Since December 1, 2004 when the July 7, 2003 case was closed by the detective
squad, the police department next received a complaint by the [victim] against
respondent on July 29, 2003. A further complaint report was filed by the [victim]
against the [r]espondent on September 23, 2004 and September 29, 2004. A final
complaint report was filed by the [victim] against the [r]espondent on October
7, 2004.
An accused juvenile delinquent has a constitutional right to a speedy trial, that is, the
timely commencement of juvenile delinquency proceedings (Matter of Benjamin L., at 667; see, 
In re Thomas J., 372 Md 50, 811 A2d 311 [Ct App 2002]), and an unreasonable delay in
commencing a juvenile delinquency proceeding may constitute a violation of the juvenile's
due process rights, as recognized by appellate courts of this and other jurisdictions (Matter of
Benjamin L., at 667; In re Thomas J., 373 Md 50, 70-72, 811 A2d 310, 322-324 [Ct App 2002]; 
[*4]
In re Timothy C., 376 Md 414, 431, 829 A2d 1024, 1033 [Ct App 2003]; In re D.H., 666 A2d
462, 472-473 [DC Ct App 1995]; Matter of Darcy S., 123 NM 206, 211, 936 P2d 888, 893
[Ct App 1997]).[FN4] However, all delay which occurs between the commission of a crime and the
filing of a delinquency petition or between the arrest of a juvenile and the filing of a petition is
not necessarily of constitutional magnitude (Matter of Timothy C., at 431). Thus, as a general
rule, dismissal of a petition on constitutional grounds is warranted only where the delay involved
is significant and has resulted in prejudice to the respondent, or where the Presentment Agency
fails to provide an explanation of the delay (see, Matter of Benjamin L., at 670; Matter of Jamie
D., 293 AD2d 278).
Upon review of the papers submitted upon the motion, this Court concludes that the
facts of this case militate against dismissal. The petition and the supporting deposition of the
alleged victim allege that the respondent committed acts constituting Assault in the Second
and Third Degrees, Unlawful Imprisonment in the Second Degree, and Menacing in the Third
Degree on July 7, 2003. In addition, the petition alleges that respondent committed acts which
would constitute Menacing in the Second and Third Degrees and Harassment in the First Degree
"on several dates on or about and between July 7, 2003 and September 29, 2004".
Here, the length of time between the acts alleged to have been committed on July 7, 2003
and the date upon which the petition was filed, October 8, 2004, is approximately 14 ½ months
(Counts One, Two, Four and the first Count Six). The length of time between the act alleged to
[*5]
have been committed "on or about and between August 15 and August 31, 2003" and the date
upon which the petition was filed is and the delay is approximately 13 months (the second Count
Six). With respect to the crimes charged in Counts Three and Five of the petition which are
alleged to have been committed "on or about July 7, 2003 and September 29, 2004", the length
of time between the date of the alleged offenses and the date the petition was filed ranges from
a maximum of 14 ½ months to possibly hours or minutes.[FN5]
As a general rule, the mere passage of time between the alleged commission of a crime,
the arrest of the perpetrator and commencement of judicial proceedings does not automatically
entitle a defendant or a respondent to dismissal of the charges (see, People v. Taranovich, 37
NY2d 442, 444-445). However, where "commencement of the action has been delayed for a
lengthy period, without good cause, the defendant may be entitled to a dismissal" (People v.
Singer, at 254). While the length of time between the date of the commission of some of the
crimes charged in the petition exceeds the slightly more than 13 month period at issue in Matter
of Benjamin L., a review of the petition and other papers before the Court indicates that this case
is factually and legally distinguishable from Matter of Benjamin L., supra.
In Matter of Benjamin L., the respondent was arrested for attempted robbery and
menacing on July 7, 1994. On the following day, a pre-petition detention application was filed
with the Family Court pursuant to Family Court Act §307.4 and the Court denied the application
[*6]
and released the respondent to the custody of his mother upon condition that he observe a curfew
(Fam. Ct. Act §§307.4 [4]). No further court action occurred until August 2, 1995 when the
County Attorney filed a juvenile delinquency petition against the respondent for the July 7, 1994
incident. Respondent moved for dismissal of the petition and the motion was denied. The Family
Court subsequently adjudicated respondent to be a juvenile delinquent and placed him under
probation supervision for a period of one year.
The Court of Appeals found that "[i]n light of the need for swift and certain adjudication
at all phases of a delinquency proceeding . . . the speedy trial protections afforded under the Due
Process Clause are not for criminal proceedings alone and are not at odds with the goals of
juvenile delinquency proceedings" (92 NY2d, at 668). The Court held that a juvenile's motion
for dismissal of a petition upon speedy trial grounds should be evaluated through consideration
of the five factors set forth in People v. Taranovich (37 NY2d 442) which are applicable to
constitutional speedy trial claims raised in criminal prosecutions (Matter of Benjamin L., at 668).
In addition to the five Taranovich factors: the extent of the delay, the reason for the delay,
the nature of the underlying charge, whether there has been an extended period of pretrial
incarceration, and whether there is any indication that the defense has been prejudiced or
impaired by the delay (People v. Taranovich, at 445; People v. Vernace, 96 NY2d 886, 887; 
Matter of Benjamin L., at 668), the Court indicated that because there is a policy of swift and
certain adjudication applicable to juvenile delinquency proceedings as well as other unique
circumstances which are relevant where a juvenile is accused of committing criminal acts, such
as "the nature of adolescence", the need for the court to exercise its rehabilitative authority
promptly in relation to the unlawful behavior in order to demonstrate that illegal behavior has
[*7]
consequences, the fact that many juveniles "suffer from educational handicaps and mental health
problems which undermine their capacity to anticipate a future [prosecution] and to appreciate
the need to take self-protective measures", and that a juvenile "is more likely to suffer from a
lack of memory than an adult . . . [and] is less likely than an adult to preserve his or her memory
concerning the incident in question, his or her whereabouts on relevant dates, the identity of
potential witnesses, and various other crucial details" (Id, at 669), the court's analysis "cannot
merely mimic that undertaken in criminal cases" and it must also take into account "the needs
and best interests of the respondent and the needs of the community" (Id., at 670).
In this case, the respondent is alleged to have committed a series of crimes comprised of
a course of conduct against a single victim over a period of time spanning July 7, 2003 to
September 29, 2004, as opposed to the juvenile in Matter of Benjamin L., who was charged with
committing two crimes against one victim over a year prior to the filing of the petition. Accord-
ing to the Presentment Agency, after respondent committed the acts alleged to have occurred on
July 7, 2003, the victim's mother took steps to mediate the situation with the respondent's
mother whom she knew. On July 8, 2003, the respondent and others allegedly yelled at the victim
so the victim's mother reported the July 7th incident to the police. Subsequent to reporting the
July 7th incident to the police, the victim's mother continued to seek an informal resolution
through respondent's mother. Apparently, there were no incidents between July 8, 2003 and
December 1, 2003 and the case was not referred to the Presentment Agency, no arrest was made,
and the police closed the case. Subsequently, on July 29, 2004, September 23, 2004, and
September 29, 2004 the victim reported further incidents involving the respondent and the police
arrested the respondent on September 29, 2004.
[*8]
Thus, given that the respondent is alleged to have engaged in a continuing course of
unlawful activity against one victim spanning a period of over one year, it is not reasonable to
assume that she, unlike the juvenile in Matter of Benjamin L., may be unable to defend herself
against the charges in the petition. As a general rule, the mere passage of time between the
alleged commission of a crime and the arrest of the perpetrator and commencement of judicial
proceedings does not automatically entitle a defendant or a respondent to dismissal of the charges
(see, People v. Taranovich, 37 NY2d, at 444-445). Here the victim's mother attempted to
informally resolve the dispute between the respondent and the alleged victim, and the
respondent's argument that the petition should be dismissed on the ground that she was not
arrested and prosecuted earlier is meritless (People v. Magar, 8 AD3d 689, 690).
Additionally, a court should be reluctant to dismiss a petition on constitutional speedy
trial grounds where there is good cause for a delay in commencing proceedings , such as a need
by police or a prosecutor to investigate the crime, a need to identify and locate the offender and
witnesses, and a need to gather sufficient evidence with which to prosecute the case, as appears
to have been the case here. Courts have found that "a determination made in good faith to defer
commencement of the prosecution for further investigation or for other sufficient reasons, will
not deprive the defendant of due process of law even though the delay may cause some prejudice
to the defendant" (Id., at 254; People v. Lesiuk, at 491; see, People v. Torres, 257 AD2d 772,
773, lv. denied, 93 NY2d 903; People v. Mitchell, 301 AD2d 451, 452, lv. denied 99 NY2d 630).
In this case, the Presentment Agency has presented a sufficient explanation for the delay
in the filing of the juvenile delinquency petition and there is no indication that the delay was
attributable to bad faith on the part of the police or the Presentment Agency, or that the delay
[*9] has undermined the rehabilitative goal of the proceeding or resulted in prejudice to the ability
of the respondent to present a defense to the charges (Matter of Kelvin R., 298 AD2d 183; Matter
of Louis P., 304 AD2d 501). Accordingly, respondent's motion to dismiss the petition filed on
October 8, 2004 is denied.
This constitutes the order of the Court.
E N T E R:
_________________________________
JOHN M. HUNT
Judge of the Family Court
Dated: Jamaica, New York
 December 10, 2004
Footnotes

Footnote 1:Respondent has moved for dismissal of Counts One through Six of the petition. The
Court notes that there are two counts numbered six in the petition and the motion to dismiss has been considered with respect to both of these counts.

Footnote 2:As noted previously, respondent's application to dismiss the petition filed against her
on November 3, 2004 (Docket Number D-18589/04) was denied by order of the Court dated November 23, 2004.

Footnote 3:There are two incidents charged as Count Six in the petition. The first Count Six refers
to a crime which was allegedly committed on July 7, 2003 and the other refers to a crime which
was allegedly committed "on or about and between August 15 and August 31, 2004.

Footnote 4:The constitutional right to a speedy trial is separate and distinct from the statutory right to a speedy fact-finding hearing which applies after the filing of a petition (Fam. Ct. Act §§310.2,
340.1; Matter of Frank C., 70 NY2d 408, 411; Matter of Randy K., 77 NY2d 398, 402; Matter of
Bernard T., 92 NY2d 738, 745; Matter of George T., 99 NY2d 307, 311-312).

Footnote 5:The Court need not determine at this stage of the proceedings whether the second
Count Six which charges the respondent with Menacing in the Third Degree is a duplicitous
count as alleged in the petition (see, Fam. Ct. Act §§311.1 [3] [g]; 311.2 [1]; 315.1; e.g., Matter
of Robert H., 152 AD2d 572). The counts charging Menacing in the Second Degree and Harassment in the First Degree appear to be "continuing crimes" in that the statute does not
necessarily contemplate a single act (see, People v. Keindl, 68 NY2d 410, 421; People v.
Shack, 86 NY2d 529, 540; People v. Simmons, 92 NY2d 829, 831).