■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TY S. WILLIAMS, Appellant. [792 NYS2d 234]—

Mercure, J.P. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), entered August 13, 2003, upon a verdict convicting defendant of the crimes of burglary in the second degree and assault in the third degree (two counts).

The indictment charging defendant with the crimes of burglary in the second degree, gang assault in the second degree and assault in the second degree arose from an incident that occurred during the early morning hours of May 19, 2001. Defendant and at least three others broke into the apartment of Corwin Simpson and assaulted him. Following a jury trial, defendant was convicted of burglary in the second degree and two counts of assault in the third degree. On appeal, defendant argues that the indictment should have been dismissed because his due process rights were violated by a delay between the incident and the indictment, that his conviction for burglary in the second degree was not supported by sufficient evidence and was against the weight of the evidence, and that the aggregate prison sentence of seven years was unduly harsh. We find no merit in defendant's arguments, and therefore affirm.

Reviewing defendant's contention that prosecutorial delay deprived him of due process, this Court must consider "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" (*People v Taranovich*, 37 NY2d 442, 445 [1975]). The delay of 10 months and 16 days between the date of the crime and the indictment was primarily caused by administrative or clerical negligence at the police department, and not, as defendant suggests, by design of a prosecutor seeking to delay the indictment (*see id.*; *compare People v Singer*, 44 NY2d 241 [1978]). The nature of the charges is undeniably serious (*see People v Magar*, 8 AD3d 689, 690 [2004], *lv denied* 3 NY3d 677 [2004]) and defendant's pretrial incarceration was upon a prior undischarged sentence and not due to the delay in this matter (*see People v Mobley*, 206 AD2d 681 [1994], *lv denied* 84 NY2d 870 [1994]). We note that in reviewing a similar due process claim of a codefendant, this Court has already determined that the delay here was neither unreasonable nor protracted (*People v Magar, supra* at 690) and, thus, defendant must establish prejudice (*id.*; *cf. People v Lesiuk*, 81 NY2d 485, 490 [1993]; *People v Townsend*, 270 AD2d 720 [2000]). In this regard, defendant makes no claim that his defense of the action has been impaired due to the passage of time prior to indictment and his express claims of prejudice are meritless.

Next, defendant contends that the evidence presented at trial was not legally sufficient to support his convictions and that the verdict was against the weight of the evidence. Specifically, defendant argues that the testimony of the People's witnesses was so fraught with inconsistency and contradiction that it should be deemed incredible as a matter of law. It must be noted that while defendant challenges collateral aspects of the witnesses' testimony, he asserts no challenge to the witnesses' identification of him nor to their testimony about his conduct, with only one insignificant exception. This is not a case in which the evidence of defendant's guilt was insufficient because it rested solely on the equivocal or hopelessly contradictory testimony of a single witness (*see People v Calabria*, 3 NY3d 80 [2004]; *compare People v Foster*, 64 NY2d 1144, 1147 [1985], *cert denied* 474 US 857 [1985]). Viewing the evidence in the light most favorable to the People, we conclude that a rational trier of fact could have determined beyond a reasonable doubt that defendant committed the crimes of which he was convicted (*see People v Contes*, 60 NY2d 620, 621 [1983]; *People v Armstrong*, 11 AD3d 721, 722-723 [2004]). The contradictions or inconsistencies of

which defendant complains merely presented the jury with issues of credibility (*see People v Lopez*, 9 AD3d 692, 694 [2004]), which, in this case, were thoroughly explored at trial. Further, viewing the evidence in a neutral light, we conclude that the verdict was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

Finally, the record provides no indication of extraordinary circumstances or an abuse of discretion (*see People v Perkins*, 5 AD3d 801, 804 [2004], *lv denied* 3 NY3d 741 [2004]) warranting modification of the sentence.

Peters, Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.