THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON D. MILLS, Appellant. [798 NYS2d 595]—

Carpinello, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered July 23, 2004, upon a verdict convicting defendant of the crime of robbery in the second degree.

An indictment charging defendant with the crime of robbery in the second degree arose out of the robbery of a restaurant on January 28, 2004. Found guilty as charged by a jury, defendant appeals claiming that the evidence was legally insufficient to prove that he committed the crime, the indictment should be dismissed in the interest of justice pursuant to CPL 210.40 and his 10-year prison sentence as a second felony offender was harsh and excessive. Finding no merit to any of these contentions, we affirm.

Viewing the evidence in a light most favorable to the People, we conclude that a rational trier of fact could have determined beyond a reasonable doubt that defendant committed the subject robbery (*see People v Calabria*, 3 NY3d 80, 81 [2004]; *People v*

*Contes*, 60 NY2d 620, 621 [1983]).* To be sure, defendant's guilt at trial rested solely on the testimony of a single witness, namely, a waitress at the restaurant. As recently reiterated by the Court of Appeals, however, "the testimony of one witness can be enough to support a conviction, noting that it is typically the province of the jury to determine a witness's credibility" (*People v Calabria, supra* at 82). According to the waitress's trial testimony, a man walked into the restaurant after closing time one night and asked for change to make a telephone call. No one else was present in this part of the restaurant at the time.

According to the waitress, she opened the cash register to give the man the requested change at which point he instructed her to "just give [him] the money." As he told her to "hurry up" and warned "[d]on't make me shoot you," his left hand was in the pocket of his jacket motioning as if he had a gun. The waitress quickly handed over the money, and the man fled. She immediately contacted the police. In her statement, she described the perpetrator as being shorter than herself (she is 5 feet, 3 inches tall) and thin. In actuality, defendant is 5 feet, $8^{1/2}$ inches tall and 190 pounds.

The following day, the waitress looked at between 900 and 1,000 photographs of young, white men in an attempt to identify the perpetrator. Upon viewing defendant's photograph, she recognized him as that person. She specifically testified that when she came to defendant's photograph, she "knew it was him." She also made an in-court identification of defendant as being the person who robbed her that night. Despite the discrepancy in height and weight, the waitress steadfastly maintained during her trial testimony that defendant was indeed the man who robbed her, explaining that she was able to clearly observe his face during their direct, face-to-face encounter. Indeed, upon being pressed on cross-examination about these discrepancies, she unequivocally testified, "I know it was him. I'm very positive it was him. I wouldn't forget his face."

Contrary to defendant's contentions, the record does not reveal that the waitress "made hopelessly inconsistent statements concerning her identification of the robbery suspect." Moreover, we reject his argument that, because he is signifi-

---

* In the context of asserting that the indictment should be dismissed in the interest of justice, defendant appears to also argue that the verdict is against the weight of the evidence. Viewing the evidence in a neutral light, we conclude that the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

cantly taller and heavier than the description given by the waitress to police, the evidence is legally insufficient to prove his identity as the perpetrator beyond a reasonable doubt. The jury was thoroughly educated about the waitress's inaccurate estimations of height and weight and nevertheless chose to credit her otherwise unequivocal testimony that she recognized defendant by his facial features (*see People v Williams*, 16 AD3d 980 [2005]). In short, her testimony was not incredible as a matter of law and the discrepancies between her description of the perpetrator's height and weight and defendant's actual physical characteristics merely raised questions of credibility which were properly left to the jury and will not be disturbed by this Court (*see People v Calabria, supra; People v Williams, supra*).

Finally, defendant's argument that the indictment should be dismissed in the interest of justice is unpreserved for our review (*see People v Mitchell*, 189 AD2d 900 [1993]) and, in any event, is unpersuasive. With respect to the issue of sentencing, we are compelled to point out that County Court accepted the People's recommendation of a 10-year prison sentence even though it was inclined to impose a harsher one. Given defendant's extensive criminal history, we decline to disturb the sentence.

Cardona, P.J., Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed.