OPINION OF THE COURT
Ellen M. Coin, J.
Defendant is charged with two counts of operating a motor *677 vehicle while intoxicated (in violation of Vehicle and Traffic Law § 1192 [2], [3]), one count of operating a motor vehicle after having consumed alcohol while under the age of 21 (in violation of Vehicle and Traffic Law § 1192-a), one count of operating a motor vehicle while impaired (in violation of Vehicle and Traffic Law § 1192 [1]), and one count of unlicensed driving (in violation of Vehicle and Traffic Law § 509 [1]). He moves, inter alia, for an order dismissing the count charging operating a motor vehicle after having consumed alcohol while under the age of 21 for facial insufficiency.
CPL 100.15 and 100.40 require that factual allegations of an evidentiary character provide reasonable cause to believe that defendant committed the offenses charged in the information and that nonhearsay factual allegations provide a prima facie case that defendant is guilty. A violation of Vehicle and Traffic Law § 1192-a occurs when a person under the age of 21 operates a motor vehicle, has a blood alcohol level of at least .02 of 1% but less than .07 of 1% and is not charged with any Vehicle and Traffic Law § 1192 offense. The accusatory instrument alleges that defendant had a blood alcohol level of .13 of 1%. The accusatory instrument also charges defendant with three Vehicle and Traffic Law § 1192 offenses.
While defendant correctly argues that the information fails to establish the necessary elements of Vehicle and Traffic Law § 1192-a, the charge is also subject to dismissal for a more fundamental reason, i.e., Vehicle and Traffic Law § 1192-a is a noncriminal offense which is adjudicated exclusively before a Department of Motor Vehicles hearing officer.
Vehicle and Traffic Law § 1192-a and its procedural companion, Vehicle and Traffic Law § 1194-a, were enacted in 1996 to address the problem of those under the age of 21 who drink and drive but whose consumption of alcohol is insufficient to be charged under any provision of Vehicle and Traffic Law § 1192. While this enactment established “zero tolerance” for underage drinking and driving in New York, it did not criminalize these acts. Rather, it established “enhanced hearing procedures in the Department of Motor Vehicles (‘DMV’) to ensure the prompt and efficient adjudication of the new offense before DMV hearing officers.” (Governor’s Mem approving L 1996, ch 196, 1996 McKinney’s Session Laws of NY, at 1877; see also Senate Mem in Support, 1996 McKinney’s Session Laws of NY, at 2170.) Vehicle and Traffic Law § 1192-a specifically provides that “a finding that a person under the age of twenty-one operated a motor *678 vehicle after having consumed alcohol in violation of this section is not a judgment of conviction for a crime or any other offense.” Vehicle and Traffic Law § 1194-a provides for the suspension or revocation of the driver’s license and the imposition of a civil penalty by the Commissioner of the Department of Motor Vehicles where a Vehicle and Traffic Law § 1192-a offense has been established by clear and convincing evidence presented to a DMV hearing officer.
While a Vehicle and Traffic Law § 1192-a referral to the Commissioner of the Department of Motor Vehicles is an authorized disposition of a case charging a defendant under the age of 21 with a violation of Vehicle and Traffic Law § 1192 (1), the inclusion of a Vehicle and Traffic Law § 1192-a charge in the accusatory instrument is neither required nor authorized as a prerequisite for such referral. (See Vehicle and Traffic Law § 1192 [10] [c].) Further evidence that a Vehicle and Traffic Law § 1192-a violation is not an offense cognizable in Criminal Court is provided by provisions which bar an arrest for violations of this section but authorize only a temporary detention to request or administer a chemical test “whenever arrest without a warrant for a petty offense would be authorized.” (See Vehicle and Traffic Law § 1194 [2] [a] [4].) Where such test results fall within the proscribed limits of Vehicle and Traffic Law § 1192-a or where a test has been refused, the police report is forwarded directly to the Department of Motor Vehicles and the driver is given a DMV hearing date.
While the New York City Criminal Court generally has jurisdiction to hear, try and determine misdemeanors and all offenses of a grade less than misdemeanor (see NY City Crim Ct Act § 31; CPL 10.30), the Legislature has explicitly limited the adjudication of Vehicle and Traffic Law § 1192-a offenses to the Department of Motor Vehicles. Accordingly, this court is without jurisdiction to hear, try and determine this charge.
Defendant’s motion to dismiss the count charging a violation of Vehicle and Traffic Law § 1192-a is granted and that count of the accusatory instrument is dismissed pursuant to CPL 170.30 (1) (a).
Defendant’s motions to suppress the breathalyzer test, video recordings, police observations, statements and any physical evidence recovered from his person as fruits of an illegal arrest are granted to the extent of ordering a Mapp/Huntley/Johnson/Dunaway hearing on these issues.
Defendant’s motion to suppress statements as involuntary is granted to the extent of ordering a Huntley hearing.
*679 Defendant’s motion to suppress the results of a breathalyzer test on the basis of the People’s failure to preserve a breath sample is denied. The police are not required to obtain and preserve a second breath sample. (People v Alvarez, 70 NY2d 375 [1987]; California v Trombetta, 467 US 479 [1984].)
Defendant’s motion to suppress the results of the breathalyzer test on the basis that the police failed to release him is denied. While the defendant has the right to an independent test and the police may not impede the arrested individual from accomplishing his statutory prerogative, the police are not required to release an arrestee for this purpose. (See People v Finnegan, 85 NY2d 53 [1995]; People v Crandall, 228 AD2d 794 [3d Dept 1996].)
Defendant’s motion to preclude pursuant to CPL 710.30 is granted to the extent applicable.
Defendant’s Sandoval motion is referred to the trial court.
Defendant’s demand for the preservation and production of evidence is granted to the extent of reminding the People of their Brady, Rosario and related obligations.
Defendant’s motions for a bill of particulars and discovery are granted to the extent indicated in the People’s response and voluntary disclosure form.
Defendant retains all rights to which he is entitled pursuant to CPL 255.20.