THIRD DEPARTMENT, APRIL, 2006

(April 6, 2006)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES A. TERRY, Appellant. [811 NYS2d 818]—Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered June 13, 2003, upon a verdict convicting defendant of the crimes of burglary in the second degree and assault in the third degree (two counts).

Following a jury trial, defendant was convicted of burglary in the second degree and two counts of assault in the third degree stemming from an incident wherein defendant and at least three others broke into the victim's apartment and assaulted him. Defendant, as a second felony offender, was sentenced to a prison term of seven years followed by five years of postrelease supervision in connection with the burglary conviction and one year in jail for each assault conviction, to run concurrent to the burglary sentence. Appellate counsel for defendant now seeks to be relieved of his assignment on the ground that there are no nonfrivolous issues to be raised on appeal. Upon our review of the record, appellate counsel's brief and defendant's pro se submission, we disagree. We cannot agree with the position advanced by appellate counsel that because this Court has previously considered and rejected certain issues already raised by two convicted coperpetrators of the crimes, one of whom was a codefendant at trial (*see People v Williams,* 16 AD3d 980 [2005], *lv denied* 5 NY3d 771 [2005]; *People v Magar,* 8 AD3d 689 [2004], *lv denied* 3 NY3d 677 [2004]), that appealing such issues on defendant's behalf would be frivolous. Rather, a review of the record reveals various issues which cannot be characterized as wholly frivolous (*see People v Stokes,* 95 NY2d 633, 637 [2001]; *People v Cruwys,* 113 AD2d 979, 980 [1985], *lv denied* 67 NY2d 650 [1986]), including whether the verdict was supported by legally sufficient evidence. Accordingly, without expressing any opinion as to the ultimate merit of any potential issues, appellate counsel's request to be relieved of assignment is granted and new appellate counsel shall be appointed to address any nonfrivolous issues which the record may disclose.

Crew III, J.P., Carpinello, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.