OPINION OF THE COURT
Memorandum.
*63 Judgment of conviction modified on the law by vacating so much of the sentence as imposed a mandatory surcharge fee upon defendant; as so modified, affirmed.
After a nonjury trial, defendant was convicted of riding a bicycle on a sidewalk where there was no sign posted permitting same (Administrative Code of City of NY § 19-176 [b]; see New York City Traffic Rules and Regulations [34 RCNY] § 4-07 [c] [3] [i]).
Defendant’s contention that his constitutional right to a speedy trial was violated (see CPL 30.20) was not preserved for appellate review since it was not made in writing and upon reasonable notice to the People (CPL 170.45, 210.45 [1]; see People v Lawrence, 64 NY2d 200 [1984]; People v Jordan, 62 NY2d 825 [1984]). In any event, were we to apply the factors set forth in People v Taranovich (37 NY2d 442 [1975]), we would conclude that the delay in the instant matter was not violative of defendant’s constitutional right to a speedy trial.
Defendant’s contention that the evidence adduced at trial was legally insufficient to prove his guilt is similarly unpreserved for appellate review (see People v Hines, 97 NY2d 56 [2001]). In any event, viewing the evidence in a light most favorable to the People (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish defendant’s guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (see CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 349 [2007]; People v Romero, 7 NY3d 633, 644 [2006]).
Defendant’s contention that the statute which he was convicted of violating was unconstitutional and void for vagueness was also not preserved for appellate review (People v Graham, 93 NY2d 934 [1999]; People v Iannelli, 69 NY2d 684 [1986]; People v Adams, 50 AD3d 433 [2008]).
However, the court erred in imposing a mandatory surcharge fee of $95 upon defendant. A violation of Administrative Code of the City of New York § 19-176 (b) is a traffic infraction, as that subdivision merely provides that a person who violates it shall be fined not more than one hundred dollars. Vehicle and Traffic Law § 1809, which governs mandatory surcharges for traffic infractions, specifically excludes traffic infractions involving bicyclists. Thus, the court had no *64 authority to impose a mandatory surcharge upon defendant, and the judgment is modified by vacating so much of the sentence as imposed same.
Weston Patterson, J.P, Rios and Steinhardt, JJ., concur.