■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MACEO D. JOHNSON, Appellant. [920 NYS2d 809]—

Lahtinen, J. Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered April 1, 2010, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts) and criminal contempt in the second degree.

After a brief standoff with law enforcement officers, defend-

ant was taken into custody on September 17, 2009 for charges stemming from a domestic dispute with his girlfriend. A temporary order of protection was issued directing him to stay away from and not communicate with his girlfriend, as well as to surrender all his guns by 3:00 P.M. the next day. Shortly after being released, defendant violated the order of protection by sending a text message to his girlfriend, which resulted in his arrest on September 18, 2009. A consented search of his home following his arrest failed to produce any guns and, although he initially claimed that his guns must have been stolen, he eventually acknowledged that he had moved them to the apartment of a friend, Willie Taylor.

Taylor consented to a search of his apartment where police found, among other things, an AR-15 semiautomatic rifle together with loaded clips of ammunition for the rifle. The rifle allegedly had a detachable magazine as well as various modifications, including a pistol grip, 7.5-inch barrel, collapsible stock, flash suppressor and bayonet mount (*see* Penal Law § 265.00 [3], [22]). Defendant admitted that the weapons found in Taylor's apartment belonged to him. He was charged in a six-count indictment and, following a jury trial, he was convicted of one count of criminal possession of a weapon in the second degree (count one), two counts of criminal possession of a weapon in the third degree (counts two and three), and criminal contempt in the second degree (count five). He was sentenced to maximum prison terms of six years on the possession counts and one year on the criminal contempt, all to run concurrently. Defendant appeals.

Defendant argues that his conviction of criminal possession of a weapon in the second degree was not supported by legally sufficient evidence and was against the weight of the evidence. Specifically, he challenges the proof as to the element of intent to use the weapon against another (*see* Penal Law § 265.03 [1]). In legal sufficiency analysis, we view the evidence in the light most favorable to the People and "determine whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (*People v Bleakley*, 69 NY2d 490, 495 [1987]; *see People v Self*, 75 AD3d 924, 925 [2010], *lv denied* 15 NY3d 895 [2010]).

Here, defendant does not contend that the proof was not adequate to establish that he possessed a loaded firearm as that term is defined in Penal Law § 265.00 (15). There is a statutory presumption that permits, but does not require, that the element of intent to use the firearm unlawfully against another

may be inferred from such possession (*see* Penal Law § 265.15 [4]; CJI2d[NY] Penal Law § 265.15 [4]; *People v Vargas*, 60 AD3d 1236, 1238 [2009], *lv denied* 13 NY3d 750 [2009]). In addition to the statutory presumption, there was also evidence of defendant making threats of serious harm to his girlfriend. Further, a police officer heard him state that he could have "taken any of us out" during the standoff, and he was seen that night by an officer as he crouched and moved about apparently armed with an assault rifle. Defendant misled law enforcement officers about his weapons and he attempted to keep the weapons, despite the terms of the order of protection, by temporarily placing them with a friend. Viewing the evidence in the light most favorable to the People and considering the statutory presumption, we are unpersuaded that the jury's verdict was not supported by legally sufficient evidence (*see People v Duran*, 6 AD3d 809, 811 [2004], *lv denied* 3 NY3d 639 [2004]; *People v Berry*, 5 AD3d 866, 868 [2004], *lv denied* 3 NY3d 637 [2004]).

Considering the weight of the evidence, a different verdict on this count would not have been unreasonable, thus we "must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Romero*, 7 NY3d 633, 643 [2006] [internal quotation marks and citations omitted]). In his statement to police, which was admitted into evidence, defendant related that he hid his weapons because he had a lot of money invested in them and did not want to relinquish possession as required by the order of protection. Although such statement, if believed, might serve to rebut the statutory presumption, the jury did not find this explanation credible. Upon weighing and considering the evidence, while giving deference to the jury's credibility determination, we find that the verdict is not against the weight of the evidence (*see id.* at 644; *People v Bleakley*, 69 NY2d at 495; *People v Medina*, 49 AD3d 342, 342-343 [2008], *lv denied* 10 NY3d 961 [2008]).

Defendant further asserts that his convictions of counts one, two and three should be reversed because the People failed to properly disclose their testing of the operability of the rifle. The test consisted of a police officer firing it twice into a piece of cardboard and, prior to trial, defendant was afforded access to the cardboard. To the extent that the People were dilatory in their disclosure, any prejudice was vitiated under the circumstances by County Court offering defendant the opportunity for similar testing (*cf. People v Crandall*, 228 AD2d 794, 795 [1996], *lv denied* 88 NY2d 983 [1996]).

Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.