*49 OPINION OF THE COURT
Per Curiam.
Judgment of conviction, rendered September 14, 2010, reversed, on the law, accusatory instrument dismissed and fine remitted.
Defendant initially was charged with riding a bicycle on a sidewalk in violation of section 19-176 (b) of the Administrative Code of the City of New York, upon allegations that he rode the bicycle “on a pedestrian pathway inside the entrance of a [specified] subway station.” The cited code section prohibits the riding of bicycles “upon any sidewalk unless permitted by an official sign,” and provides that a violation thereof is punishable by a civil penalty not to exceed $100 recoverable “in a proceeding before the environmental control board.”
In the absence of a contrary argument by defendant-appellant, we assume for purposes of this appeal that a violation of Administrative Code § 19-176 (b) constitutes an offense cognizable in Criminal Court (see People v Bey, 22 Misc 3d 62 [2008]; but compare People v Pesantes, 10 Misc 3d 676 [2005]). However, we agree with defendant that the underlying information was facially insufficient since it failed to set forth, prima facie, defendant’s commission of the charged offense. Even if established as true, allegations that defendant was observed riding a bicycle inside a subway station entrance would not make out a legally sufficient case that defendant violated Administrative Code § 19-176 (b), an essential element of which is proof that the bicycle riding took place on a “sidewalk,” a term narrowly defined in the ordinance as “that portion of the street . . . between the curb lines or the lateral lines of a roadway and the adjacent property lines, intended for the use of pedestrians” (Administrative Code § 19-176 [a] [2]). We decline to adopt the People’s broad reading of the term “sidewalk” as encompassing all manner of “pedestrian conduits,” even those “set back from the street.” Had the City Council intended to extend the definitional reach of the term “sidewalk” in such an expansive fashion, it would have been a simple matter to include appropriate language to that effect, as it did elsewhere in the Administrative Code (see Administrative Code § 7-201 [c] [1] [b] [the Pothole Law], defining a sidewalk to include “a boardwalk, underpass, pedestrian walk or path, step and stairway”).
Since the factual portion of the information negates a finding that the conduct complained of occurred on a “sidewalk” within *50 the meaning of the bicycle ordinance, viz., a specified area of the street outside the adjacent property line, the accusatory instrument is jurisdictionally defective and must be dismissed (see generally People v Hurell-Harring, 66 AD3d 1126 [2009]; see also People v Jones, 9 NY3d 259 [2007]).
Lowe, III, EJ., Schoenfeld and Hunter, Jr., JJ., concur.