■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN G. POPE JR., Appellant. [947 NYS2d 634]—

Garry, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered September 16, 2010, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree.

In December 2008, occupants of an apartment in the City of Binghamton, Broome County called 911 to report that two masked men were trying to gain entry. Responding police officers saw two men fleeing from the building, pursued them on foot and apprehended defendant and his cousin. The officers saw the cousin carrying a handgun, which they recovered from

the scene, and a sawed-off shotgun and a portable scanner were found in an area where defendant was seen during the chase.

Defendant was charged by felony complaint with attempted robbery in the first degree and was later indicted on two counts of criminal possession of a weapon in the second degree and one count of criminal possession of a weapon in the third degree. County Court reduced the count of criminal possession of a weapon in the third degree to a misdemeanor upon determining that the evidence before the grand jury was legally insufficient to establish defendant's predicate conviction. The People thereafter re-presented the case to the grand jury and obtained a superseding indictment charging the same offenses enumerated in the first instrument. Following a jury trial, defendant was convicted as charged and sentenced as a persistent violent felony offender to an aggregate prison term of 17 years to life. Defendant appeals.

County Court properly denied defendant's pretrial motion alleging a violation of his statutory and constitutional rights to a speedy trial. Turning first to the statutory claim, a felony indictment must be dismissed if the People are not ready for trial within six months after commencement of the action, which occurs upon the filing of the first accusatory instrument—here, the felony complaint (see CPL 1.20 [17]; 30.30 [1] [a]; *People v Cooper*, 98 NY2d 541, 543 [2002]). Whether the People complied with this obligation is "determined by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion" (*People v Cortes*, 80 NY2d 201, 208 [1992]; *accord People v Fehr*, 45 AD3d 920, 922 [2007], *lv denied* 10 NY3d 764 [2008]). For purposes of these calculations, a superseding indictment relates back to the original indictment (*see People v Farkas*, 16 NY3d 190, 193 [2011]; *People v Sinistaj*, 67 NY2d 236, 239-241 [1986]; *People v Fehr*, 45 AD3d at 922). Here, 287 days elapsed between the filing of the felony complaint in December 2008 and the People's September 2009 declaration of readiness on the second indictment. The People do not contend that any part of the 96 days before they declared readiness on the first indictment in March 2009 should be excluded. Thereafter, excludable periods of at least 123 days resulted from motion practice and adjournments requested by defendant, reducing the maximum time chargeable to the People to less than six months and making it unnecessary to determine

whether any of the remaining time before the September 2009 announcement of readiness was excludable (*see* CPL 30.30 [4] [a], [b]; *People v Seamans*, 85 AD3d 1398, 1399 [2011]; *People v Dunton*, 30 AD3d 828, 828-829 [2006], *lv denied* 7 NY3d 847 [2006]).[1]

Delay occurring after the People have properly declared readiness within six months may be charged to them "when the delay is attributable to their inaction and directly implicates their ability to proceed to trial" (*People v Carter*, 91 NY2d 795, 799 [1998]; *see generally People v Anderson*, 66 NY2d 529 [1985]). Unlike prereadiness delay, where the People must prove that time periods are excludable, the burden is on defendant to show that postreadiness delay is chargeable to the People (*see People v Robinson*, 67 AD3d 1042, 1044 [2009], *lv denied* 13 NY3d 910 [2009]).[2] Here, no such delay was shown. Although it is argued upon appeal that there was an extended delay between the September 2009 declaration of readiness and the May 2010 trial, defendant's April 2010 speedy trial motion did not claim that the People caused this delay, nor in fact even mention it at all. The record reveals that most of this time period was consumed by County Court's consideration of defendant's motion to dismiss the superseding indictment (*see* CPL 30.30 [4] [a]).[3] As prereadiness delay comprised less than six months and no postreadiness delay "resulted from prosecutorial laxity constituting a direct impediment to commencement of the trial" (*People v Miller*, 290 AD2d 814, 816 [2002] [internal quotation marks, brackets and citation omitted], *lv denied* 98 NY2d 678 [2002]), the motion pursuant to CPL 30.30 was properly denied.

Turning to defendant's constitutional claim, the factors to be considered are the length of and reason for the delay, the nature of the charges, whether there was extended pretrial incarceration and whether the defense was prejudiced (*see People v Taranovich*, 37 NY2d 442, 445 [1975]; *see also* CPL 30.20). Although defendant was incarcerated throughout the 17-month

---

**1.** The six-month period is calculated on the basis of calendar months and consisted here of 182 days (*see People v Cortes*, 80 NY2d at 207 n 3; *People v Brown*, 23 AD3d 703, 704 [2005], *lv denied* 6 NY3d 810 [2006]).

**2.** Although not relevant here, we note that the People are required to provide a record that is sufficiently clear to reveal who is responsible for adjournments (*see id.*).

**3.** On appeal, defendant also argues for the first time that the People should be charged with postreadiness delay in obtaining the grand jury minutes. Even if this claim had been preserved, the record reveals that the People delivered the minutes within the requisite reasonable time (*see People v Harris*, 82 NY2d 409, 413 [1993]; *People v Dearstyne*, 230 AD2d 953, 955-956 [1996], *lv denied* 89 NY2d 921 [1996]).

pretrial period, he was subject to a separate parole hold during approximately 10 of those months (*compare People v Williams*, 16 AD3d 980, 981 [2005], *lv denied* 5 NY3d 771 [2005]). Upon review of the remaining factors—in particular, the absence of any claim of prejudice or significant delay caused by the People—we find no constitutional injury (*see People v Rogers*, 8 AD3d 888, 889-890 [2004]; *People v Rouse*, 4 AD3d 553, 556 [2004], *lv denied* 2 NY3d 805 [2004]).

Defendant next contends that his convictions were not supported by legally sufficient evidence and were against the weight of the evidence. Specifically, he asserts that his possession of the sawed-off shotgun—an element of all three charged offenses—was not established (*see* Penal Law § 265.02 [1]; § 265.03 [1] [b]; [3]). A police officer responding to the report that two masked men in dark clothing were trying to enter an apartment saw two men in dark clothing fleeing from the four-apartment building. During the subsequent chase, several officers and bystanders saw one of these men running through the immediate area where the shotgun was later discovered. An officer chased this man and apprehended defendant, who wore dark clothing and had a black ski mask around his neck. Soon thereafter, officers searched the area where the chase had occurred and found the partially hidden shotgun near a scanner that was turned on and tuned to a law enforcement frequency. Subsequent forensic testing of the scanner identified DNA consistent with defendant's, admixed with that of at least two other persons; defendant was the primary contributor. DNA testing of the shotgun was inconclusive, but defendant could not be excluded as a contributor. Viewing this evidence in the light most favorable to the People, we find a " 'valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial' " (*People v Johnson*, 83 AD3d 1130, 1131 [2011], *lv denied* 17 NY3d 818 [2011], quoting *People v Bleakley*, 69 NY2d 490, 495 [1987]). Further, upon weighing the evidence, as well as the relative strength of conflicting inferences, and giving deference to the jury's credibility determinations, we find that the verdict was not against the weight of the evidence (*see People v Carter*, 60 AD3d 1103, 1107 [2009], *lv denied* 12 NY3d 924 [2009]; *People v Bellamy*, 26 AD3d 638, 639-640 [2006]; *People v Mateo*, 13 AD3d 987, 988 [2004], *lv denied* 5 NY3d 883 [2005]).

We reject defendant's contention that the People were improperly permitted to present evidence of an uncharged crime without a *Molineux* hearing. County Court correctly determined that testimony regarding the men who were seen trying to enter

the apartment did not address an uncharged attempted robbery; instead, the events in question were part of the crimes at issue and were directly relevant to defendant's intent to use the shotgun "unlawfully against another" (Penal Law § 265.03 [1] [b]; *compare People v Marshall*, 65 AD3d 710, 712 [2009], *lv denied* 13 NY3d 940 [2010]; *People v Gilbo*, 28 AD3d 945, 945-946 [2006], *lv denied* 7 NY3d 756 [2006]; *People v Morales*, 309 AD2d 1065, 1066 [2003], *lv denied* 1 NY3d 576 [2003]). Defendant's further contention that County Court erred in denying his request for an expanded circumstantial evidence charge is unpreserved, as he withdrew the request upon the court's denial and did not object to the charge given (*see People v Zakrzewski*, 7 AD3d 823, 824 [2004]). In any event, no modification in the interest of justice is warranted as the evidence was not wholly circumstantial (*see People v Barnes*, 50 NY2d 375, 379-380 [1980]; *People v Saxton*, 75 AD3d 755, 758 [2010], *lv denied* 15 NY3d 924 [2010]).

We reject defendant's contention that his sentences are harsh or excessive. Notably, the sentences imposed for the two class C felony convictions fall near the low end of the permissible range for persistent violent felony offenders (*see* Penal Law § 70.08 [2], [3] [b]). In view of defendant's substantial criminal history and failure to accept responsibility, we find no extraordinary circumstances or abuse of discretion warranting reduction of his sentence (*compare People v Vasquez*, 71 AD3d 1179, 1181 [2010], *lv denied* 14 NY3d 894 [2010]). Defendant's remaining contentions have been considered and found to be without merit.

Peters, P.J., Mercure, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.

