The People of the State of New York, Respondent, 
against
Miracle Wilkins Defendant-Appellant.



In consolidated criminal appeals, defendant appeals from (1) a judgment of the Criminal Court of the City of New York, New York County (Jennifer G. Schecter, J.), rendered September 20, 2012, convicting him, upon his plea of guilty, of forcible touching, and sentencing him to a term of nine months; (2) a judgment (same court and Judge), rendered September 20, 2012, convicting him, upon his plea of guilty, of theft of services, and sentencing him to a term of 30 days; and (3) a judgment (same court and Judge), rendered November 16, 2012, convicting him, upon his plea of guilty, of forcible touching, and sentencing him to a term of nine months.




Per Curiam.
Judgments of conviction under docket numbers 2012NY034977, 2011CN007327 and 2012NY029201 (Jennifer G. Schecter, J.), rendered, respectively, September 20, 2012 and November 16, 2012, modified, on the law, to the extent of vacating the sentences and remanding for a youthful offender determination, and, as modified, affirmed.
We find unavailing defendant's challenge to the facial sufficiency of the accusatory instruments. The information charging forcible touching (see Penal Law § 130.52) under docket number 2012NY034977 alleged that at a specified time and inside designed subway station, defendant "grabbed" and "squeezed" the victim's buttocks without her consent, and that when a video recording of the incident was shown to the defendant he stated to the police officer, "[t]hat's me in the video, I was wearing a brown hoodie" and "I was grabbing butts that day." These factual allegations are sufficient for pleading purposes to establish reasonable cause to believe and a prima facie case that defendant committed the crime of forcible touching (see People v Guaman, 22 NY3d 678 [2014]). Any alleged discrepancy regarding the victim's description of defendant's hoodie does not affect the jurisdictional validity of the information and was an issue for trial (see People v Williams, 17 AD3d 203 [2005], lv denied 4 NY3d 892 [2005]; People v Mills, 20 AD3d 779 [2005]).
Nor was the accusatory instrument charging theft of services (see Penal Law § 165.15[3]) under docket number 2011CN007327 jurisdictionally defective. Defendant's intent to unlawfully obtain subway service is reasonably inferred from the surrounding circumstances of his actions (see People v Bracey, 41 NY2d 296, 301 [1977]), including his entry into the subway system [*2]"without paying the required fare, by jumping over a turnstile" (see People v Barlow, 46 Misc 3d 148[A], 2015 NY Slip Op 50237[U] [App Term, 1st Dept 2015], lv denied 25 NY3d 1069 [2015]; People v Mann, 53 Misc 3d 128[A], 2016 NY Slip Op 51344[U] [App Term, 1st Dept 2016]; see also People v Pin, 41 Misc 3d 128[A], 2013 NY Slip Op 51681[U] [App Term, 1st Dept 2013], aff'd on other grounds sub nom. People v Matthew P., 26 NY3d 332 [2015]).
As the People concede, defendant is entitled to resentencing pursuant to People v Rudolph (21 NY3d 497 [2013]) for a youthful offender determination. We express no opinion on the outcome of that determination.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 16, 2017