THIRD DEPARTMENT, JUNE, 1992

(June 4, 1992)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK STOCKWELL, Appellant.—Crew III, J. Appeal from a judgment of the County Court of Rensselaer County (Ceresia, Jr., J.), rendered July 21, 1988, upon a verdict convicting defendant of the crime of burglary in the third degree.

Defendant claims that impermissible use was made of his postarrest silence by the prosecutor during summation. No objection was made to the comments at the time of summation. Immediately thereafter, however, defense counsel ob-

jected to the comments and requested curative instructions as part of the charge to the jury, requesting specifically that County Court advise the jury that defendant had the right to remain silent. In accordance with that request, some 10 minutes later the court charged the jury as follows: "The defendant, prior to the trial today, apparently remained silent. He had the right to remain silent, and no adverse inference may be made because he was silent prior to [his] testimony [today]." In view of the curative instructions given during the charge in accordance with defense counsel's request, we find any error that may have been committed to be harmless (see, People v Santiago, 119 AD2d 775, lv denied 68 NY2d 672).

Mikoll, J. P., Yesawich Jr., Levine and Mercure, JJ., concur. Ordered that the judgment is affirmed.