■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRENDA LYNCH, Appellant. [619 NYS2d 172] —Mikoll, J. P. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered August 17, 1993, upon a verdict convicting defendant of the crime of criminal possession of a forged instrument in the second degree.

Following a jury trial defendant was convicted of criminal possession of a forged instrument in the second degree based on her possession of a State unemployment check made out to Michael W. Brewster on which his name was forged and which she cashed at an office of Key Bank in the Town of Fort Covington, Franklin County. She was sentenced to six months in jail and five years' probation.

Defendant challenges County Court's *Sandoval* ruling by which it permitted the prosecutor to elicit defendant's six prior convictions, perpetrated between 1990 and 1992, for issuing bad checks. The nature and extent of cross-examination to be permitted of a defendant who elects to testify lies within the sound discretion of the trial court. Evidence of prior criminal conduct should be admitted if the nature thereof bears logically and reasonably on the issue of credibility and particularly so if it reveals a willingness or disposition of defendant to place her own self-interest over that of society. Bearing this in mind, we find no abuse of discretion in the court's *Sandoval* ruling *(see, People v Sandoval,* 34 NY2d 371).

Defendant challenges the admission of photocopies of the check involved in this matter and County Court's curtailment of voir dire by defense counsel. We find that the identification of the check introduced into evidence as exhibit 2 as a copy of the original and made in the course of business was done in conformity with CPLR 4539. We agree that no adequate

foundation was established as to exhibit 1, but since the exhibit is cumulative of exhibit 2, any error was harmless.

Finally, the prosecutor's oblique reference to defendant's failure to testify is harmless in that County Court advised that no adverse inference may be drawn from the fact *(see, People v Stockwell,* 184 AD2d 800, *lv denied* 80 NY2d 934) and by the otherwise overwhelming evidence of guilt *(see, People v Wolf,* 176 AD2d 1070, 1071, *lv denied* 79 NY2d 1009).

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Franklin County for further proceedings pursuant to CPL 460.50 (5).