◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO TORRES, Appellant. [633 NYS2d 997] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered June 20, 1994, convicting him of robbery in the second degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to the police.

Ordered that the judgment is affirmed.

The testimony established that the complainant identified the defendant in a lineup as the individual who robbed him of $70 and his taxicab at gunpoint. Prior to the robbery, the complainant had seen the defendant on two occasions in the neighborhood. He also had ample opportunity to observe the defendant during the robbery. Thus, the evidence establishing the defendant's identity as the robber was overwhelming.

The minor inconsistencies regarding the location of the robbery created a credibility issue, the resolution of which was primarily the function of the trier of fact, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94; People v Middleton, 143 AD2d 1053). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We also find that the defendant's inculpatory statement to a detective was made voluntarily after he had been read the Miranda rights, and had knowingly and intelligently waived them. The record shows that although the defendant, who had been involved in an automobile accident, was having pains, seemed tired and appeared to exhibit symptons of methadone withdrawal, he was coherent, alert and fully aware of his surroundings and what he was doing when he spoke to the detective in a waiting room of a hospital (see, People v Rice, 199 AD2d 1054; People v Mercado, 198 AD2d 380; People v Eastman, 114 AD2d 509; People v Pearson, 106 AD2d 588).

We have considered the defendant's remaining contentions and find them to be without merit. Miller, J. P., Thompson, Ritter and Krausman, JJ., concur.