■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRONEY LEE WELLS, Appellant. [749 NYS2d 421] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered January 4, 1999, convicting him of assault in the second degree and criminal trespass in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of criminal trespass in the second degree under the second count of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant was convicted, inter alia, of two counts of criminal trespass in the second degree as lesser-included offenses of two counts of burglary in the first degree, based on conduct which constituted a single act. As argued by the defendant, and correctly conceded by the People, one of the defendant's convictions of criminal trespass in the second degree must be vacated and the sentence imposed for that conviction vacated because the constitutional guarantee against double jeopardy, inter alia, protects a criminal defendant "against multiple punishments for the same offense" (*North Carolina v Pearce,* 395 US 711, 717; *see United States v DiFrancesco,* 449 US 117, 129; *People v Sailor,* 65 NY2d 224, 229, *cert denied* 474 US 982). Here, the defendant's conviction on the second count of criminal trespass in the second degree was based on the same conduct as the conviction on the first count of crimi-

nal trespass in the second degree (*see Matter of Auer v Smith,* 77 AD2d 172, 181-182). Prudenti, P.J., Altman, Friedmann and Rivera, JJ., concur.