■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT MEISSLER, Appellant. [759 NYS2d 255] —Lahtinen, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered January 21, 1998, upon a verdict convicting defendant of the crime of vehicular manslaughter in the second degree.

In the early morning hours of March 24, 1997, a pick-up truck operated by defendant struck an ambulance at the intersection of Madison and South Main Avenues in the City of Albany. The impact caused the ambulance to flip onto its side and the driver of the ambulance died of injuries sustained in the accident. Defendant was questioned by police at the scene and again at Albany Medical Center, where he was transported for treatment. Police Officer Patrick Fox, who had extensive training and experience in sobriety testing, conducted a horizontal gaze nystagmus test on defendant at the hospital and

concluded that he was intoxicated. Defendant was placed under arrest, informed of his *Miranda* rights and given the warnings for refusing to consent to a blood alcohol test. Defendant refused to consent to a blood alcohol test and, thus, the police obtained a court order authorizing the taking of a blood sample from defendant. The blood sample tested positive for marihuana and revealed a blood alcohol level of .12%. Defendant was indicted for, among others, the crimes of manslaughter in the second degree and vehicular manslaughter in the second degree. His motion to suppress statements he made to police on the date of the accident was denied following a *Huntley* hearing. Defendant was found guilty by a jury of vehicular manslaughter in the second degree and sentenced to a term of incarceration of 2⅓ to 7 years. Defendant appeals.

We are unpersuaded by defendant's argument that his statements to police on the day of the incident were involuntary and, thus, should have been suppressed. Determining whether a statement is voluntary is generally a factual issue dependent on the relevant surrounding circumstances (*see People v Ruger,* 279 AD2d 795, 795 [2001], *lv denied* 96 NY2d 806 [2001]; *People v Miller,* 244 AD2d 828, 828 [1997]) and deference is afforded the hearing court's assessment of witnesses' credibility (*see People v Jones,* 283 AD2d 665, 667 [2001], *lv denied* 96 NY2d 903 [2001]). Evidence at the hearing established that the initial police officer on the scene, Jeffrey DeMarco, spotted defendant standing beside the road and observed blood on his face. In a brief conversation with the officer, defendant acknowledged he was the driver of the pick-up, stated that he did not have any passengers and responded "no" when asked whether he had been drinking. After defendant was transported to the hospital, Fox inquired how the accident had occurred. Upon detecting a "faint odor of alcohol" on defendant's breath, Fox administered the horizontal gaze nystagmus test. Based upon the test, Fox concluded that defendant was intoxicated, prompting defendant's arrest and the giving of *Miranda* warnings. Defendant continued conversing with police following the warnings and, later that same morning, he was released from the hospital and transported to a police station for further questioning.

County Court's finding that the preliminary questioning by DeMarco and Fox was a noncustodial inquiry directed toward ascertaining basic facts about the occurrence of the accident is fully supported by the evidence in the record. Furthermore, contrary to defendant's contention, the nature of his injury did not make his statements following his arrest involuntary since the evidence revealed that he was coherent, cooperative and

voluntarily responded to questions (*see People v Ragin*, 224 AD2d 642, 642 [1996], *lv denied* 88 NY2d 883 [1996]; *People v Torres*, 220 AD2d 785, 786 [1995], *lv denied* 87 NY2d 908 [1995]; *People v Butler*, 175 AD2d 252, 253 [1991], *lv denied* 79 NY2d 854 [1992]). Nor were his statements involuntary based upon his use of marihuana and alcohol since there was no evidence that he was inebriated to the "level of mania" (*People v Reynolds*, 240 AD2d 517, 518 [1997], *lv denied* 91 NY2d 878 [1997]). The People met their burden of establishing beyond a reasonable doubt that defendant's statements were voluntary.

Defendant further asserts that he did not receive the effective assistance of counsel. Ineffective assistance of counsel occurs "if, given the law, the evidence and the circumstances of a particular case at the time of trial, [defendant] is not provided with 'meaningful representation'" (*People v May*, 301 AD2d 784, 786 [2003], quoting *People v Baldi*, 54 NY2d 137, 147 [1981]). Defendant claims that his trial counsel failed to allege a lack of probable cause for his arrest and the taking of his blood, thus depriving him of a possible opportunity for a *Dunaway* hearing. In light of the evidence in the record supporting probable cause and noting that the failure "to make a particular pretrial motion generally does not, by itself, establish ineffective assistance of counsel" (*People v Rivera*, 71 NY2d 705, 709 [1988]), we find defendant's argument unpersuasive. Our review of the record and consideration of the totality of the circumstances at the time of representation reveals that defense counsel provided meaningful representation.

Crew III, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.