■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN BROWN, Appellant. [805 NYS2d 171]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered January 9, 2004 in Albany County, upon a verdict convicting defendant of the crimes of burglary in the first degree, rape in the first degree, assault in the second degree and unlawful imprisonment in the first degree.

Defendant lived at the victim's apartment in the City of Albany until December 2002 when, following a fight, she directed him to leave her home. Defendant exited, but returned later that night. When the victim reportedly refused to permit him to enter her apartment, defendant kicked in two locked doors to gain entry. Once inside, defendant allegedly repeatedly punched, slapped and kicked the victim, forced her to have sexual intercourse with him, and then prevented her from leaving under threat of death. She escaped the next morning, fleeing while partially attired onto the street. Police were summoned and she was transported to the hospital.

Defendant was arrested and eventually indicted for the crimes of burglary in the first degree, burglary in the second degree, rape in the first degree, assault in the second degree and unlaw-

ful imprisonment in the first degree. Following the presentation of proof at the trial, Supreme Court dismissed the charge of burglary in the second degree. The remaining charges were submitted to a jury, which found defendant guilty of the four charges. Defendant was sentenced to four concurrent prison terms, the longest of which was 24½ years on the rape conviction. Defendant appeals.

We consider first defendant's argument that the verdict was not supported by legally sufficient evidence as to each crime, except assault in the second degree (which he concedes he committed). A verdict is supported by legally sufficient evidence when "there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" and the proof establishes each element of the charged crime (*People v Bleakley*, 69 NY2d 490, 495 [1987]; *see People v Rivette*, 20 AD3d 598, 600 [2005], *lv denied* 5 NY3d 809 [2005]). Here, the victim testified that she locked the doors after defendant left, she refused to grant him reentry and he kicked in two locked doors to gain entry. Police investigation revealed a splintered doorjamb and hardware on the floor. After forcing entry, defendant repeatedly struck and kicked the victim, leaving her with fractures, lacerations and bruises that were verified by medical proof. According to the victim, defendant demanded sex and, when she refused, he disrobed her, got on top of her and penetrated her. She stated that she scratched his face in an effort to get him to stop, and there was proof that defendant had scratches on his face and the victim's fingernail scraping contained defendant's DNA. The victim testified that defendant threatened to kill her if she told anyone about the incident, pulled her back into the apartment when she tried to escape through a window and disconnected the phone to prevent her from summoning help. While defendant contends that the burglary conviction is not supported by proof of an intent to commit a crime therein at the time of entry, his intent can be "reasonably inferred" from his manner of entry (*People v Love*, 307 AD2d 528, 529 [2003], *lv denied* 100 NY2d 643 [2003]). Review of the record reveals that the elements of each of the crimes is supported by sufficient proof.

As to the weight of the evidence, since "a different finding would not have been unreasonable," we "must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Bleakley, supra* at 495 [internal quotation marks and citation omitted];

*see People v Gibson*, 2 AD3d 969, 971-972 [2003], *lv denied* 1 NY3d 627 [2004]; *People v Black*, 304 AD2d 905, 907 [2003], *lv denied* 100 NY2d 578 [2003]). Defendant testified that the doors were already broken and that he did not engage in sexual intercourse with the victim during the night the crimes allegedly occurred. The medical evidence did not reveal that the victim suffered genital injuries, but the doctor who treated her testified that such injuries do not occur in all cases of forcible intercourse and it was not unusual not to have such injuries in a woman, such as the victim, who had delivered 11 children. There was also evidence that, after entering the apartment, defendant did not immediately engage in further criminal conduct, but took the time to drink a beer. Defendant further claimed that the victim had been drinking and using drugs throughout the day. It is clear that varying versions of the germane events were provided at trial and credibility determinations were a key part of sorting through the proof. After viewing the evidence in a neutral light and according due deference to the jury's opportunity to see the witnesses as they presented differing versions of events, we are unpersuaded that the verdict was against the weight of the evidence.

Defendant's further assertions do not require extended discussion. While defendant argues that the two *Allen* charges were improper, the issue was not preserved by an objection at trial (*see People v Murphy*, 166 AD2d 805, 805 [1990]) and, in any event, our review of the two charges does not reveal reversible error. Nor was it reversible error to reject the challenge to the racial and age composition of the jury panel without a hearing (*see* CPL 270.10; *People v Alpern*, 217 AD2d 853, 855 [1995], *lv denied* 87 NY2d 897 [1995]) and, moreover, the jury selected to sit on the case included four African Americans and one Hispanic (*cf. People v Hill*, 67 AD2d 427, 432 [1979], *appeal dismissed* 50 NY2d 894 [1980]). With regard to Supreme Court's ruling following the *Sandoval/Ventimiglia* hearing, the limited use permitted of defendant's extensive criminal history (including allowing evidence of his prior recent abusive conduct toward the victim) was, under the circumstances of this case, consistent with prevailing precedent (*see People v Cook*, 93 NY2d 840, 841 [1999]; *People v Gorham*, 17 AD3d 858, 860-861 [2005]; *People v Higgins*, 12 AD3d 775, 777-778 [2004], *lv denied* 4 NY3d 764 [2005]). In light of defendant's long criminal record and the nature of the crimes of which he was convicted, we find that the sentence imposed—slightly less than the maximum permissible—was neither unduly harsh nor an abuse of the sentencing court's discretion (*see People v Greene*, 13 AD3d 991, 993-994 [2004], *lv denied* 5 NY3d 789 [2005]; *People v Morey*, 304 AD2d

855, 856-857 [2003], *lv denied* 100 NY2d 564 [2003]). The remaining arguments have been considered and found unpersuasive.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.