THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN ROSADO, Appellant. [832 NYS2d 97]—

Spain, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered July 6, 2005, upon two verdicts convicting defendant of the crimes of assault in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (two counts).

Defendant appeals from a single judgment rendered following two separate jury trials related to criminal activity in Broome County. After the first trial, defendant was convicted of criminal

possession of a weapon in the second degree and two counts of criminal possession of a weapon in the third degree. Those charges stemmed from an incident in May 2004 in which defendant waived a gun out the window of a moving vehicle at two women, who flagged down police; when the vehicle was stopped, police observed and recovered two loaded firearms, a .22 caliber pistol and the .32 caliber revolver which defendant had displayed from the car window. While in custody, defendant gave a statement to police admitting the charged conduct, as well as his role in an August 2003 shooting for which he was subsequently indicted and tried. At the second trial, various witnesses, including defendant's accomplice, testified that defendant had orchestrated an assault on Anthony Tillman in retaliation for Tillman having previously shot defendant. Defendant was found guilty of assault in the first degree but acquitted of attempted murder. Upon both of his convictions, defendant was sentenced to an aggregate prison term of 25 years. Defendant now appeals.

With regard to his first trial, defendant argues that he could not be convicted of both criminal possession of a weapon in the second and third degrees under counts 4 and 5 of the indictment as both alleged his possession of the same gun, a .32 caliber revolver. These claims were not raised at any point during defendant's trial and they are, accordingly, unpreserved for our review (*see* CPL 470.05 [2]). In any event, the law is to the contrary, as "criminal possession of a weapon in the third degree is not a 'lesser included offense' of criminal possession of a weapon in the second degree. Rather, the two are 'non-inclusory concurrent counts' (*see* CPL 300.30 [3], [4]); it is possible to commit the greater offense without committing the lesser one" (*People v Leon*, 7 NY3d 109, 112 [2006]; *see People v Miller*, 6 NY3d 295, 302 [2006]; *People v Glover*, 57 NY2d 61, 64 [1982]). This is because "[s]econd-degree criminal possession, in the form of possession of a loaded firearm with intent to use it unlawfully against another, can be committed anywhere, but possession of a loaded firearm constitutes the third-degree crime charged here only when it does not occur in the defendant's home or place of business" (*People v Leon, supra* at 112). Thus, defendant was properly convicted on both counts.

Turning to defendant's contention addressed to his second trial, that the conviction of assault in the first degree was not supported by the weight of credible evidence, we have independently reviewed the conflicting testimony and evidence in a neutral light and are not persuaded to disturb the jury's credibility determinations or verdict (*see People v Bleakley*, 69 NY2d

490, 495 [1987]; *see also People v Romero*, 7 NY3d 633, 643-644 [2006]). Defendant's conviction was predicated on the testimony of several witnesses, as well as his confession, all establishing that he orchestrated and ordered the retaliatory assault on Tillman. Although Tillman and the actual shooter, who was separately tried, did not testify, defendant's female accomplice testified to following defendant's plan whereby she met up with Tillman and they were driven to a parking lot; she kept defendant informed via cell phone, enabling another accomplice—the shooter—to approach the parked vehicle and shoot Tillman.

Neither the accomplice's substantial delay in identifying the shooter and admitting her own role in the assault (which she ultimately revealed to police in May 2004), nor the fact that she testified in exchange for a favorable disposition of the serious charges against her, all of which were highlighted to the jury, rendered her testimony unworthy of belief or incredible (*see People v Moore*, 17 AD3d 786, 789 [2005], *lvs denied* 5 NY3d 785, 792 [2005]; *People v Polanco*, 13 AD3d 904, 906 [2004], *lv denied* 4 NY3d 802 [2005]). Indeed, her account was consistent with and corroborated by other witness accounts and defendant's own signed confession to police which was admitted at trial (*see People v Cross*, 25 AD3d 1020, 1022-1023 [2006]; *see also* CPL 60.22 [1]). Defendant's trial testimony, in which he tried to disavow his confession and denied any role in this attack, was implausible, inconsistent and not particularly worthy of belief. In light of the conflicting testimony, although a different finding might not have been unreasonable, we discern no grounds upon which to disturb the jury's resolution of credibility determinations and do not find that the jury failed to give the evidence the weight it deserved (*see People v Romero*, *supra* at 643-644; *People v Bleakley, supra* at 495; *People v Lind*, 20 AD3d 765, 767-768 [2005], *lv denied* 5 NY3d 830 [2005]; *People v Moore, supra* at 789).

Cardona, P.J., Mercure, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.