◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO LOZADA, Appellant. [839 NYS2d 275]—

Peters, J. Appeals (1) from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered February 7, 2005, upon a verdict convicting defendant of the crime of burglary in the third degree, and (2) by permission, from an order of said court, entered May 11, 2005, which denied defendant's motion pursu-

ant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Following a jury trial, defendant was convicted of burglary in the third degree and sentenced to 2 to 6 years in prison. At trial, there was testimony of, among others, Timothy Vogler and Mark Hess, two police officers who responded to an early morning complaint of noises from the tenant who lived above a bar which was closed for remodeling. Vogler arrived first and discovered two people inside. Joined by Hess, they pursued the intruders on foot but only one was apprehended. Both Vogler and Hess knew that the remaining individual was defendant, with whom they were personally familiar. A hat was recovered from a nearby dumpster which Vogler recognized as the one that defendant was wearing when Vogler saw him inside the bar.

At trial, defendant challenged the lack of scientific testing to connect him with the recovered evidence. He further contended that it was his brother who committed the crime. Testimony from defendant's father emphasized that defendant's hair was styled differently from that of the individual identified by Vogler and Hess. Defendant's father further contended that defendant was living with him in New Jersey at the time of the crime. Defendant's mother also testified, confirming the similarity in height, physique and look of defendant with his brother.

Defendant challenges both the legal sufficiency and weight of the evidence on appeal, yet his challenge to the sufficiency of the evidence was not adequately preserved (see People v Gray, 86 NY2d 10, 19 [1995]). Recognizing that defendant did "reserve on trial order of dismissal" at the close of proof and moved to dismiss upon general grounds following the jury charge, we have found these unparticularized challenges insufficient to preserve the issue of legal sufficiency (see People v Smith, 27 AD3d 894, 896 [2006], lv denied 6 NY3d 898 [2006]).

In any event, the verdict was supported by legally sufficient evidence and was not against the weight of the evidence. Both Vogler and Hess provided eyewitness identification of defendant.* Considering the testimony from defendant's family members which challenged that identification, as well as the absence of fingerprint or DNA evidence, the conflict presented credibility issues which were appropriately left for resolution by a jury to whom we accord great deference (see People v Romero, 7 NY3d 633, 645 [2006], affd 7 NY3d 911 [2006]; People v Rosado, 36 AD3d 965, 967 [2007]).

---

* Acknowledging defendant's challenge to Vogler's use of the term "streetwalker" to describe defendant's early morning walking patterns, we fail to find the isolated use of this term to be prejudicial.

Defendant's final assertion that County Court should have held a hearing on his CPL 440.10 motion due to his request for DNA testing lacks merit because the absence of DNA evidence was used tactically by him at trial.

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment and order are affirmed.