(October 25, 2007)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES A. TERRY, Appellant. [845 NYS2d 145]—

Kane, J. Appeals (1) from a judgment of the County Court of Chemung County (Hayden, J.), rendered June 13, 2003, upon a verdict convicting defendant of the crimes of burglary in the second degree and assault in the third degree (two counts), and (2) by permission, from an order of said court, entered July 25, 2006, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In May 2001, as a result of an earlier confrontation, defendant and three other individuals forced their way into an apart-

ment and beat up the tenant. In April 2002, a grand jury indicted defendant on charges of burglary in the second degree, gang assault in the second degree, attempted assault in the second degree and assault in the second degree. Defendant was not arrested on these charges until after indictment. Following protracted pretrial proceedings and a trial, a jury convicted defendant of burglary in the second degree and, as lesser included offenses, assault in the third degree (two counts). County Court sentenced defendant to an aggregate prison term of seven years and five years of postrelease supervision. The court later denied defendant's CPL 440.10 motion to vacate his conviction. Defendant appeals the judgment of conviction and the order denying his posttrial motion.

This Court previously decided, in the cases of two codefendants, that the 10-month and 16-day delay between the incident and indictment did not deprive those defendants of due process because the crimes charged were serious, no real prejudice was demonstrated, and any pretrial incarceration was due to parole violations and not these criminal charges (*People v Williams*, 16 AD3d 980, 981 [2005], *lv denied* 5 NY3d 771 [2005]; *People v Magar*, 8 AD3d 689, 690 [2004], *lv denied* 3 NY3d 677 [2004]). The same result is appropriate here.

Defendant's contentions regarding the legal sufficiency and weight of the evidence are merely attacks on the credibility of prosecution witnesses. Several witnesses testified that defendant and his companions kicked down a locked door to gain entrance to the apartment and, once inside, defendant punched the tenant in the face and kicked him. Despite contradictions in the testimony, and giving deference to the jury's credibility determinations after observing the witnesses, we do not find the testimony incredible as a matter of law (*see People v Lozada*, 41 AD3d 1042, 1043 [2007]; *People v Rosado*, 36 AD3d 965, 967 [2007]). The convictions are supported by legally sufficient evidence and are not against the weight of the evidence.

The People properly questioned the victim on redirect examination concerning a letter he signed, based upon defense counsel's questioning which opened the door to further inquiry. No Confrontation Clause violation occurred as defendant was permitted to question the person who signed the letter, thereby adopting it as his own thoughts, regardless of who wrote the words.

One of defendant's convictions for assault in the third degree must be vacated. Although the charged crimes of gang assault in the second degree and assault in the second degree have different elements, the lesser included offenses for those two

counts were identical. Under the constitutional guarantee against double jeopardy, defendant could not be punished twice for the same offense (*see People v Wells,* 299 AD2d 430, 430 [2002]). Accordingly, only one of his convictions for assault in the third degree can stand.

County Court did not err in denying defendant's CPL 440.10 motion without a hearing. Defendant's allegations of ineffective assistance, based upon counsel's failure to move for a mistrial and permitting codefendant's counsel to make certain arguments, were not properly part of a CPL 440.10 motion as they could have been raised on his direct appeal (*see* CPL 440.10 [2] [b]). In any event, counsel cannot control the arguments made by a codefendant's counsel, and the failure to move for a mistrial does not, by itself, amount to ineffective assistance under the circumstances here (*see People v Laviolette,* 307 AD2d 541, 544 [2003], *lv denied* 100 NY2d 643 [2003]).

The main thrust of defendant's motion concerned an investigator's report stating that the victim did not write a certain letter to County Court, but merely signed it after codefendant's cousin wrote it. Viewing the report as newly discovered evidence, County Court was not required to grant defendant's motion because the report does not create a probability that the verdict would have been different if the report was received at trial (*see* CPL 440.10 [1] [g]; *People v Hogencamp,* 300 AD2d 734, 736 [2002]). Similarly, even if the report could be categorized as *Rosario* material, its nondisclosure prior to trial must contribute to the verdict to require the granting of a CPL 440.10 motion (*see People v Tucker,* 40 AD3d 1213, 1215 [2007], *lv denied* 9 NY3d 882 [2007]). Here, the damaging information in the report came out at trial through the victim's testimony. Thus, we fail to see how the report itself could have changed the outcome of the trial.

Defendant's remaining arguments have been reviewed and found unpersuasive.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant's conviction of assault in the third degree under count 2 of the indictment; said count dismissed and the sentence imposed thereon vacated; and, as so modified affirmed. Ordered that the order is affirmed.