THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE L. CLEMMONS, Appellant. [847 NYS2d 720]—

Rose, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered September 29, 2003, upon a verdict convicting defendant of the crimes of murder in the second degree and criminal possession of a weapon in the second degree.

On this appeal, defendant first contends that the jury verdict convicting him of murder in the second degree and criminal possession of a weapon in the second degree was against the weight of the evidence because the witnesses who placed him at the fatal shooting were not credible. Under this standard of review, we must "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" and if it appears that "the trier of fact has failed to give the evidence the weight it should be accorded, then [we will] set aside the verdict" (*People v Romero*, 7 NY3d 633, 643-644 [2006] [internal quotation marks and citation omitted]).

Here, the People presented detailed accounts by two eyewitnesses of defendant's activities stalking the victim, being at the crime scene and then fleeing the area with a girlfriend on the day of the murder. The testimony of these witnesses, a friend of the victim who was present at the shooting and the girlfriend, was corroborated by physical evidence recovered from the crime scene and from defendant's car, as well as by cell phone records showing many calls made from defendant's phone to the victim's cell phone before the shooting. Although defendant countered this evidence with an alibi witness, the People established her bias and elicited damaging contradictory statements on cross-examination. Giving deference to the jury's credibility assessments due to its opportunity to observe the demeanor of the witnesses, and despite minor inconsistencies between the testimony of the People's witnesses and their prior statements

to police (*see People v Lozada*, 41 AD3d 1042, 1043 [2007], *lv denied* 9 NY3d 924 [2007]; *People v Rosado*, 36 AD3d 965, 967 [2007]; *People v Allen*, 13 AD3d 892, 894 [2004], *lv denied* 4 NY3d 883 [2005]), the jury gave the evidence the weight it should be accorded.

Next, we are not persuaded that defendant's convictions must be reversed because of the prosecutor's improper elicitation of testimony from the interrogating police officer that defendant had refused to discuss the victim's murder (*see e.g. People v Basora*, 75 NY2d 992, 993 [1990]). This error was cured by County Court's prompt instruction that the jury was not to infer anything from defendant's silence (*see People v McLean*, 243 AD2d 756, 756-757 [1997], *lv denied* 91 NY2d 928 [1998]; *People v Stockwell*, 184 AD2d 800, 801 [1992], *lv denied* 80 NY2d 934 [1992]) and, given the strength of the evidence of defendant's guilt, it was harmless beyond a reasonable doubt (*see People v Smith*, 97 NY2d 324, 330 [2002]; *People v Basora*, 75 NY2d at 994).

Similarly, we find no reversible error in County Court's admission into evidence of an employment timesheet of defendant's alibi witness for the day of the murder. While the timesheet was not shown to be a business record (*see People v Kennedy*, 68 NY2d 569, 579-580 [1986]) and the court admitted it into evidence without proof that it had been prepared by the witness herself, given the overwhelming proof of defendant's guilt, there is no reasonable possibility that it might have contributed to his conviction (*see e.g. People v Crimmins*, 36 NY2d 230, 237 [1975]).

We do find merit, however, in defendant's argument that County Court erred in sentencing him to consecutive prison terms of 25 years to life on the murder conviction and 15 years on the weapon possession conviction. Since neither the indictment nor the court's charge to the jury specified the intended victim as to the count of criminal possession of a weapon in the second degree, the verdict does not imply that the jury found a separate intent to use the handgun unlawfully against the victim's friend (*see* Penal Law former § 265.03 [1]). Under these circumstances, since the jury found defendant not guilty of attempted murder as to the victim's friend, the People failed "to establish that he possessed the pistol with a purpose unrelated to his intent to shoot [the victim]" (*People v Hamilton*, 4 NY3d 654, 658 [2005]; *see People v Parks*, 95 NY2d 811, 815 [2000]). Thus, concurrent sentences should have been imposed (*see* Penal Law § 70.25 [2]; *People v Parks*, 95 NY2d at 815; *People v De Maio*, 304 AD2d 988, 989 [2003]).

Defendant's remaining arguments, including those made in his pro se brief, have been considered and found to be without merit.

Cardona, P.J., Crew III, Mugglin and Kane, JJ., concur. Ordered that the judgment is modified, on the law, by directing that defendant's sentence for criminal possession of a weapon in the second degree shall run concurrent with the sentence for murder in the second degree, and, as so modified, affirmed.