■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARGELIS R. MIRABAL, Appellant. [869 NYS2d 294]—

Kavanagh, J.

On the morning of June 30, 2006, following a robbery and near fatal shooting the night before, the Police Department in Scranton, Pennsylvania advised the Binghamton Police Department that the suspected shooter was believed to be in the City

of Binghamton, Broome County. After learning that the suspect went by the name of "Angel," a detective in Binghamton located a photograph of defendant, who was then identified by one of his accomplices. The police in Scranton obtained an arrest warrant and, on the evening of June 30, defendant was arrested by Sergeant Christopher Bracco of the Binghamton Police Department. Bracco, who was familiar with defendant and had seen him sitting outside of a particular residence earlier that day, returned to the residence and, upon seeing defendant standing inside, knocked on the front door and requested that he step outside to discuss a purported noise complaint. Defendant was then arrested in the front yard, at which time he stated that he had a gun in his pocket. After County Court denied defendant's request to suppress both his statement and the gun at the suppression hearing, defendant pleaded guilty to one count of criminal possession of a weapon in the third degree and was sentenced as a second felony offender to 3½ to 7 years in prison. Defendant now appeals, contending that County Court erred in denying his suppression motion.

We affirm. Determining whether a statement is voluntary is a factual issue dependent upon the relevant surrounding circumstances (*see People v Davis*, 18 AD3d 1016, 1017 [2005], *lv denied* 5 NY3d 805 [2005]; *People v Meissler*, 305 AD2d 724, 725 [2003], *lv denied* 100 NY2d 644 [2003]), and "[t]he credibility assessments of the suppression court in making that determination are entitled deference" (*People v Davis*, 18 AD3d at 1017; *see People v Meissler*, 305 AD2d at 725). Here, Bracco testified that, after defendant stepped outside, he and another officer "put [their] hands on him to detain him, at which time he said he had a gun on him." This testimony was corroborated by Officer Anthony Diles, who was also present during the arrest. Although defendant and his friend Raymond Delgado, who witnessed the arrest, both testified to the contrary, indicating that the gun was found after defendant was handcuffed by Bracco and asked whether he had any weapons on him, County Court found Bracco and Diles to be more credible and we discern no reason to disturb this finding. The officers' testimony supports the determination that defendant's statement was voluntary and, consequently, County Court did not err in denying defendant's suppression motion.

Cardona, P.J., Spain, Rose and Stein, JJ., concur. Ordered that the judgment is affirmed.