■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT VANBERGEN, Appellant. [890 NYS2d 706]—

Cardona, P.J.

On this appeal, defendant first challenges the weight and sufficiency of the evidence supporting his conviction of burglary in the second degree. As that crime was charged in this case, the People were required to prove that defendant knowingly and unlawfully entered the victim's home with the intent to commit

a crime therein (see Penal Law § 140.25 [2]; *People v Lewis*, 5 NY3d 546, 552 [2005]; *People v Porter*, 35 AD3d 907, 909 [2006], *lv denied* 8 NY3d 926 [2007]). Defendant contends that the evidence was not legally sufficient in that the People failed to establish that he intended to commit a crime upon entering the victim's home. In that regard, we note that "intent may be inferred from the circumstances of the intruder's unlawful entry, unexplained presence on the premises, and actions and statements when confronted by police or the property owner" (*People v Ostrander*, 46 AD3d 1217, 1218 [2007]; see *People v Moore*, 285 AD2d 827, 828 [2001], *lv denied* 97 NY2d 685 [2001]). Furthermore, the People need not "allege or establish what particular crime was intended" (*People v Lewis*, 5 NY3d at 552 [internal quotation marks and citations omitted]).

Here, the victim testified that at approximately 7:30 A.M. on May 2, 2007 he was awakened from a sound sleep by the ringing of his doorbell, followed by knocking on his front door. As he was rising, he heard voices outside his bedroom window, then knocking at his back door. He observed two men outside, both wearing black hooded sweatshirts with the hoods up. When the victim did not answer the back door, the men returned to the front door and the knocking resumed, albeit much more loudly, making the door shake. The victim called the police and, while he was on the telephone, one of the men kicked in the front door, breaking the doorjamb. The man ran into the house calling the victim's name and shouting, "They're after me." Frightened, the victim grabbed a one-foot-by-six-foot board and struck the man twice in the head. A struggle ensued, during which the man held the victim in a headlock. The victim broke free, grabbed the man by the throat and pinned him to the couch, at which point he had a clear view of the man's face. The man then got loose and fled. The victim later identified the man as defendant, who he had met on one occasion during the previous year when defendant power-washed his fence. Viewed in the light most favorable to the People, there is legally sufficient evidence from which to infer that defendant intended to commit a crime upon entering the victim's house (see *People v Terry*, 44 AD3d 1157, 1158 [2007], *lv denied* 10 NY3d 772 [2008]; *People v Brown*, 24 AD3d 812, 813 [2005], *lv denied* 6 NY3d 774 [2006]). Additionally, upon our independent review of the record as a whole, and according due deference to the jury's credibility determinations, we find that the conviction is not against the weight of the evidence (see *People v Terry*, 44 AD3d at 1158; *People v Brown*, 24 AD3d at 813-814).

Turning to defendant's argument that the testimony of Detec-

tive Sergeant Michael Parrow impermissibly bolstered the victim's identification of defendant, we note that this issue was not preserved by an appropriate objection at trial. His further contention that counsel's failure to object constituted ineffective assistance is without merit, since Parrow neither directly nor implicitly indicated that the victim had previously identified defendant (*see People v Buie*, 86 NY2d 501, 510 [1995]; *People v Holt*, 67 NY2d 819, 821 [1986]).

Finally, given defendant's extensive criminal history and the violent nature of the instant offense, we are not persuaded that the sentence imposed upon the burglary conviction—15 years in prison with five years of postrelease supervision—is harsh and excessive, and we decline to disturb it (*see People v Carter*, 50 AD3d 1318, 1323 [2008], *lv denied* 10 NY3d 957 [2008]).

Peters, Kane, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.