THIRD DEPARTMENT, MARCH, 2010

(March 4, 2010)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND VASQUEZ, Appellant. [896 NYS2d 239]—

Malone Jr., J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered January 10, 2007, convicting defendant following a nonjury trial of the crime of burglary in the second degree.

Following a nonjury trial, County Court found defendant guilty of burglary in the second degree and sentenced him as a persistent violent felony offender to a prison term of 16 years to life. Defendant appeals.

Contrary to defendant's contention, legally sufficient evidence was produced at trial to support the conviction. Specifically, defendant contends that there was insufficient proof that he

entered the victim's home intending to commit a crime therein (*see* Penal Law § 140.25 [2]). "In that regard, we note that 'intent may be inferred from the circumstances of the intruder's unlawful entry, unexplained presence on the premises, and actions and statements when confronted by police or the property owner' " (*People v Vanbergen*, 68 AD3d 1249, 1250 [2009], quoting *People v Ostrander*, 46 AD3d 1217, 1218 [2007]). Here, the unrefuted testimony at trial establishes that defendant entered the victim's apartment without her permission, startled her while she was in the bathroom and told her that he had no money and was hungry. They then went to the kitchen, where the victim gave defendant a small sum of money and offered him food and cigarettes. He took some money and a cigarette from her and then left. According to the victim, sometime after the incident, she noticed that her checkbook and debit card were missing and that some of her jewelry was out of place. Testifying on his own behalf, defendant denied taking anything from the victim's apartment other than the money and cigarette that she had given him. According to defendant, he had entered the victim's apartment intending to leave a note with her for her neighbor, who he said he had come to see but who was not at home. At no point during the incident, however, did defendant tell the victim of his purported intent to leave a message for the neighbor. Nor did he tell the police that this had been his intent when they questioned him; rather, he denied that he had even entered the victim's apartment. Viewed in the light most favorable to the People, this evidence is legally sufficient to support an inference that defendant intended to commit a crime upon entering the victim's apartment (*see People v Vanbergen*, 68 AD3d at 1250; *People v Bethune*, 65 AD3d 749, 752 [2009]). Further, after reviewing the evidence in a neutral light, and according deference to County Court's assessment of the witnesses' credibility, we are satisfied that the verdict is not against the weight of the evidence (*see People v Roberts*, 63 AD3d 1294, 1296-1297 [2009]).

Next, County Court's *Sandoval* compromise was reasonable, the court having properly considered defendant's history of criminal acts and weighed their probative value with the risk of unfair prejudice to defendant (*see People v Hayes*, 97 NY2d 203, 207-208 [2002]). Although some of the convictions were similar in nature to the instant offense, that similarity did not require their preclusion. "The fact that the defendant chose to specialize in one type of criminal activity did not shield him from impeachment by use of prior convictions" (*People v Mack*, 6 AD3d 551 [2004] [citations omitted], *lv denied* 3 NY3d 660 [2004]).

Upon our review of the record and the circumstances of this case, we are unpersuaded that defendant's trial counsel was ineffective (*see People v Baldi*, 54 NY2d 137, 147 [1981]). Although defendant offers on appeal two documents that he claims should have been presented at trial to controvert facts underlying two of his prior criminal convictions, those documents are, at best, extrinsic evidence of a collateral issue (*see People v Alvino*, 71 NY2d 233, 247-248 [1987]), and defendant fails to demonstrate the absence of a " 'strategic or other legitimate explanation[ ]' " for counsel's failure to offer them at trial (*People v Caban*, 5 NY3d 143, 152 [2005], quoting *People v Rivera*, 71 NY2d 705, 709 [1988]).

Finally, having been convicted of a class C violent felony offense and sentenced as a persistent violent felony offender, defendant received the minimum legally permissible sentence of 16 years to life (*see* Penal Law § 70.08 [2], [3] [b]), which defeats his claim that the sentence is harsh and excessive (*see People v Milot*, 305 AD2d 729, 732 [2003], *lv denied* 100 NY2d 585 [2003]). Defendant's remaining contentions, including his claim of prosecutorial misconduct, were not properly preserved for appellate review.

Peters, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.