■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY D. JUDWARE, Appellant. [906 NYS2d 139]—

Kavanagh, J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered March 2, 2009, upon a verdict convicting defendant of the crimes of sexually motivated felony and burglary in the second degree.

During the early morning hours of April 18, 2008, a man entered the victim's home in the Town of St. Lawrence, St. Lawrence County, walked into the bedroom, placed his hands on the victim's shoulders and, when she awoke, he told her, "I have a big c**k for you." The victim screamed and, after the intruder fled, she immediately contacted the police. Upon their arrival, the victim gave the police a description of the intruder, who she claimed to have seen on prior occasions in the neighborhood. While canvassing the area, the police were told by a person who lived in the neighborhood that the victim's description of the intruder fit defendant who, at the time, was staying with his parents at their home located next door to the victim's residence. Shortly thereafter, defendant was detained by the police and, approximately one hour after the incident, was identified by the victim as the intruder in a showup conducted outside his parents' home. Later, after initially denying any involvement in the break-in, defendant admitted to the police that he had entered the victim's home that night without her permission, and he signed a written statement further describing his conduct.

Defendant was subsequently charged by indictment with committing a sexually motivated felony and burglary in the second degree. After County Court conducted a combined *Huntley/Wade* hearing, it found that the process employed by the police during which defendant was identified at the scene by the victim was not unduly suggestive and permitted the victim to testify at trial that defendant was the intruder who had entered into her home without permission and made the sexually suggestive

remark. It also denied defendant's motion to suppress any statements he made to the police after his arrest, finding that they were voluntarily given after defendant knowingly and intelligently waived his constitutional rights. Following a jury trial, defendant was convicted of both charges contained in the indictment and, as a second felony offender, was sentenced to concurrent terms of nine years in prison, with five years of postrelease supervision. Defendant appeals.

Initially, defendant contends that the victim should not have been allowed to identify him at trial as the intruder because her in-court identification was the product of an unduly suggestive showup conducted at the scene by the police shortly after his arrest. An identification at the scene is generally permissible so long as it is "reasonable under the circumstances—that is, when conducted in close geographic and temporal proximity to the crime—and the procedure used was not unduly suggestive" (*People v Brisco*, 99 NY2d 596, 597 [2003], *cert denied* 558 US —, 130 S Ct 739 [2009]; *see People v Mathis*, 60 AD3d 1144, 1145-1146 [2009], *lv denied* 12 NY3d 927 [2009]; *People v Mattis*, 46 AD3d 929, 931 [2007]). Here, the on-scene identification of defendant by the victim was made approximately one hour after the incident and, at that time, defendant, while accompanied by the police, was not handcuffed or obviously restrained in any way (*see People v Brisco*, 99 NY2d at 597; *People v Martinez*, 9 AD3d 679, 681 [2004], *lv denied* 3 NY3d 709 [2004]). As such, it cannot be said that the procedure employed by the police at the scene when defendant was identified by the victim was unduly suggestive or a violation of defendant's right to due process (*see People v August*, 33 AD3d 1046, 1049 [2006], *lv denied* 8 NY3d 878 [2007]; *People v Armstrong*, 11 AD3d 721, 722 [2004], *lv denied* 4 NY3d 760 [2005]).

We also reject defendant's contention that his written statement should have been suppressed because it was the product of a coercive interrogation conducted by the police. In reviewing such a claim and in determining whether the prosecution has established the voluntariness of a statement made by a defendant beyond a reasonable doubt, we must consider all of the circumstances that existed at the time the statement was given by defendant to the police (*see People v Mateo*, 2 NY3d 383, 413 [2004], *cert denied* 542 US 946 [2004]; *People v Lowin*, 71 AD3d 1194, 1196 [2010]; *People v Pouliot*, 64 AD3d 1043, 1044-1046 [2009], *lv denied* 13 NY3d 838 [2009]). In that regard, the prosecution presented testimony that defendant was read his *Miranda* warnings on at least two occasions after he had been detained and, in each instance, first at the scene and later at

the State Police barracks, defendant agreed to waive those rights and speak with the police. In addition, the police officers who conducted the interrogation testified that defendant was asked and was able to read aloud the *Miranda* warnings that appeared on his written statement—and initialed and signed that part of the statement acknowledging that he understood his rights and was agreeing to waive them. Also, after the written statement had been prepared, it was read to defendant before he signed it. Finally, officers who conducted the interrogation categorically denied that defendant was threatened or, at any time during the questioning, asked for legal counsel or invoked his right to remain silent. While defendant in his testimony painted a very different picture of what transpired during his interrogation, it was for County Court to determine the credibility of the witnesses who testified, and its findings in that regard will not be disturbed as they are supported by credible evidence (*see People v Mateo*, 2 NY3d at 414; *People v Culver*, 69 AD3d 976, 977-978 [2010]; *People v Pouliot*, 64 AD3d at 1045; *People v Mirabal*, 57 AD3d 1170, 1171 [2008]).

Defendant also argues that his conviction of the charges contained in the indictment was not based on legally sufficient evidence nor supported by the weight of the credible evidence presented at trial. In that regard, defendant contends that the prosecution failed to prove, as it is required, that when he entered the victim's home, he did so with the intent to commit a crime (*see* Penal Law § 140.25) and that his purpose in unlawfully entering the premises was, "in whole or substantial part, [for] his . . . own direct sexual gratification" (Penal Law § 130.91 [1]). However, we note that to prove a burglary, the People "need not establish what particular crime the intruder intended to commit, nor is it necessary that the intended crime in fact be committed" (*People v Mackey*, 49 NY2d 274, 279 [1980] [internal quotation marks and citation omitted]). Moreover, the requisite criminal "intent may be inferred from the circumstances of the intruder's unlawful entry, unexplained presence on the premises, and actions and statements when confronted by police or the property owner" (*People v Ostrander*, 46 AD3d 1217, 1218 [2007]; *see People v Lewis*, 5 NY3d 546, 552 [2005]; *People v Vanbergen*, 68 AD3d 1249, 1250 [2009], *lv denied* 14 NY3d 806 [2010]). These same inferences can be made if based on credible evidence to establish that sexual gratification was, in whole or in part, a motive for the break-in.

Here, when viewing the evidence introduced at trial in a light most favorable to the prosecution, it was established that defendant entered the victim's home at night without permission

and, after placing his hands on her, made a sexually suggestive remark. He immediately fled the premises when the victim screamed and, when later confronted by the police, initially denied being the intruder. Only after he was identified by the victim at the scene did defendant admit that he had entered the premises without permission but then told police he did not "know why." A rational inference can be drawn from these facts—all of which were supported by credible evidence presented at trial—that defendant intended to commit a crime when he entered the victim's home and did so for his own sexual gratification. Furthermore, viewing such evidence in a neutral light and weighing the competing inferences that could be drawn therefrom, we are satisfied that the verdict as rendered is supported by the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Wilson*, 71 AD3d 1333, 1334 [2010]; *People v Vasquez*, 71 AD3d 1179, 1180 [2010]; *People v Vanbergen*, 68 AD3d at 1250).

Defendant also claims that evidence presented by the prosecution in rebuttal was improper and was so prejudicial that it deprived him of a fair trial. Specifically, the prosecution recalled the victim as a witness to reiterate her identification of defendant and to rebut testimony given by defendant's father and brother that she had confronted defendant's brother after the incident and accused him of being the intruder. In addition, defendant called his mother as a witness to testify that on the night of the incident, she heard a car suddenly accelerate from in front of the victim's home, suggesting that the operator of that vehicle was involved in the commission of this crime. A State Trooper testified in rebuttal for the prosecution that he had responded to defendant's home shortly after the incident and, when he interviewed defendant's mother regarding what had transpired, she made no mention of a car or of hearing any activity occurring in the vicinity of the victim's home at about the time the break-in is alleged to have occurred. Under the circumstances, the testimony of both witnesses was appropriately presented to rebut evidence presented by the defense, and County Court did not err in admitting it at trial (*see People v Harris*, 98 NY2d 452, 489 [2002]; *People v Harris*, 57 NY2d 335, 345 [1982], *cert denied* 460 US 1047 [1983]; *People v Gragnano*, 63 AD3d 1437, 1443 [2009], *lv denied* 13 NY3d 939 [2010]).

Defendant also contends, and we agree, that the burglary charge should have been dismissed because it is a lesser included offense of the crime of sexually motivated felony. In that regard, the burglary was an essential element that had to be proven beyond a reasonable doubt for defendant to be convicted of com-

mitting a sexually motivated felony. Put another way, defendant could only commit the sexually motivated felony if it was proven that he had committed the underlying burglary and that the burglary was committed for his own sexual gratification (*see* CPL 1.20 [37]; *see People v Beauharnois*, 64 AD3d 996, 1000 [2009], *lv denied* 13 NY3d 834 [2009]). While the crimes of burglary in the second degree and sexually motivated felony are both class C violent felonies (*see* Penal Law § 130.92), a sexually motivated felony is a greater offense because it exposes defendant upon conviction to a longer period of postrelease supervision than could be imposed if defendant was simply convicted of burglary (*see People v Miller*, 6 NY3d 295, 300 [2006]).* As such, defendant's conviction for burglary in the second degree, on these facts, must be dismissed because it is a lesser included offense of the crime of sexually motivated felony (*see People v Miller*, 6 NY3d at 300-301).

Finally, defendant challenges his sentence as being harsh and excessive. Under all of the circumstances, and given defendant's prior criminal history, we perceive the existence of no extraordinary circumstance or abuse of County Court's discretion that would warrant modification or reduction of the sentence (*see People v Landy*, 67 AD3d 1205, 1205-1206 [2009]; *People v Miles*, 61 AD3d 1118, 1120 [2009], *lv denied* 12 NY3d 918 [2009]).

We have considered and rejected defendant's remaining arguments, including his challenges to the conduct of the voir dire and County Court's charge to the jury.

Mercure, J.P., Malone Jr., Stein and Garry, JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant's conviction of burglary in the second degree under count one of the indictment; said count dismissed and the sentence imposed thereon vacated; and, as so modified, affirmed.

---

* A defendant convicted of burglary in the second degree, assuming that there are no aggravating circumstances present, may be placed on postrelease supervision for up to five years. The same defendant convicted of a sexually motivated felony can be sentenced to 15 years postrelease supervision (*compare* Penal Law § 70.45 [2] [f], *with* Penal Law § 70.45 [2-a] [e]).