People v Hall (2020 NY Slip Op 06825)





People v Hall


2020 NY Slip Op 06825


Decided on November 19, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020

110775

[*1]The People of the State of New York, Respondent,
v
Kevin Hall, Appellant.

Calendar Date: October 21, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Colangelo, JJ.


Erin C. Morigerato, Albany, for appellant.
P. David Soares, District Attorney, Albany (Christopher D. Horn of counsel), for respondent.



Pritzker, J.
Appeal, by permission, from an order of the Supreme Court (Breslin, J.), entered June 25, 2018 in Albany County, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence following his convictions of burglary in the second degree, grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree, without a hearing.
In 2007, defendant was convicted, after a jury trial, of burglary in the second degree, grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree (57 AD3d 1222 [2008], lv denied 12 NY3d 817 [2009]). The convictions stem from defendant's actions in burglarizing and possessing stolen property from a residence in October 2006 (id. at 1224 n). Upon the convictions, defendant was sentenced to 15 years in prison followed by three years of postrelease supervision on the second degree burglary conviction, and 1&frac13; to four years in prison each on the fourth degree grand larceny and fourth degree criminal possession of stolen property convictions; the sentence imposed on the criminal possession conviction was ordered to run consecutively with the burglary sentence and concurrently with the grand larceny sentence. The convictions were upheld on appeal (57 AD3d at 1227).
In 2018, defendant moved pursuant to CPL 440.20 to set aside his sentence, contending that consecutive sentences were not authorized. Supreme Court denied the motion, without a hearing, and defendant appeals, by permission, from the court's resulting order.
We affirm, although for reasons different from those relied upon by Supreme Court. Initially, we agree with defendant that Supreme Court erred in relying on CPL 440.10 to deny this motion inasmuch as defendant did not move pursuant to CPL 440.10 to vacate the judgment of conviction (compare CPL 440.10 [1], with CPL 440.20 [4]; see CPL 1.20 [13], [14], [15]). Defendant's motion was made solely pursuant to CPL 440.20 to "set aside the sentence upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law" (CPL 440.20 [1]). Moreover, although the record does not reflect that defendant raised the issue of the legality of the consecutive sentences at or prior to sentencing, he did not by his silence waive this issue, which was preserved for our review by this motion pursuant to CPL 440.20, a proper vehicle by which to challenge the legality of consecutive sentences (see People v Jurgins, 26 NY3d 607, 611-612 [2015]). Nor was the issue previously decided upon appeal, when defendant's convictions were affirmed, so as to require denial of the motion pursuant to CPL 440.20 (2).
However, the motion to set aside the sentence was properly denied as consecutive sentences were lawful under Penal Law § 70.25, which authorizes sentences to either run concurrently or consecutively. Penal Law § 70.25 (2) prohibits consecutive sentences only "(1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other" (People v Brahney, 29 NY3d 10, 14 [2017] [internal quotation marks and citation omitted]; see People v Redden, 182 AD3d 926, 928 [2020]). Thus, "consecutive sentences may be imposed when either the elements of the crimes do not overlap or if the facts demonstrate that the defendant's acts underlying the crimes are separate and distinct; conversely, where the actus reus is a single inseparable act that violates more than one statute, a single punishment must be imposed" (People v Brahney, 29 NY3d at 15 [internal quotation marks, brackets and citations omitted]; see People v Rodriguez, 25 NY3d 238, 244 [2015]; People v McKnight, 16 NY3d 43, 48 [2010]; People v Henry, 173 AD3d 1470, 1481 [2019], lv denied 34 NY3d 932 [2019]).
Defendant's conviction for burglary in the second degree established, as charged, that he "knowingly enter[ed] or remain[ed] unlawfully in a [dwelling] with intent to commit a crime therein" (Penal Law § 140.25 [2]). In contrast, his conviction for criminal possession of stolen property in the fourth degree established that he "knowingly possess[ed] stolen property, with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof" and the property consisted of "a credit card, debit card or public benefit card" (Penal Law § 165.45 [2]). There is no overlap in statutory elements and the actus reus of each is distinct. Consecutive sentences were authorized for these convictions because the act of unlawfully possessing stolen credit cards was not an element of the crime of burglary in the second degree, which only required unlawfully entering or remaining in the dwelling with intent to commit a crime therein; it is not an element of the offense of burglary that the intended crime was actually committed (see People v Mackey, 49 NY2d 274, 279 [1980]; People v Judware, 75 AD3d 841, 844 [2010], lv denied 15 NY3d 853 [2010]). To that end, "[b]urglary may be committed without stealing [or possessing] property," and the burglary was completed when defendant entered the victim's dwelling with the requisite intent; the ensuing theft and possession of stolen credit cards was a separate crime committed by separate acts (People v Henry, 173 AD3d at 1482; see People v Frazier, 16 NY3d 36, 41 [2010]; People v Kirkland, 105 AD3d 1337, 1339 [2013], lv denied 21 NY3d 1043 [2013]). Moreover, no single act constituted both offenses; nor was there a single act required of one of the offenses that was also a material element of the other offense (see People v Brahney, 29 NY3d at 14-15). As "the elements of the crimes do not overlap [and] the facts demonstrate that the defendant's acts underlying the crimes [were] separate and distinct," consecutive sentences were authorized (id. at 15 [internal quotation marks and citation omitted]). Accordingly, defendant's motion was properly denied.
Egan Jr., J.P., Mulvey, Aarons and Colangelo, JJ., concur.
ORDERED that the order is affirmed.